IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>PILLOWTEX CORPORATION, et al.,<br><br>Debtors. | :<br>:  Jointly Administered<br>:  Case No. 03-12339 (PJW)<br>:<br>:     Chapter 11<br>:<br>: |
| PILLOWTEX CORPORATION and<br>FIELDCREST CANNON, INC.<br><br>Plaintiff,<br><br>v.<br><br>BOSCOV'S, INC. and<br>BOSCOV'S DEPARTMENT STORE,<br>LLC,<br><br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:  Adv. Proc. No. 06-50805<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

### MOTION OF DEFENDANTS TO WITHDRAW
### THE REFERENCE OF THIS ADVERSARY PROCEEDING

Defendants Boscov's, Inc. ("**Parent Company**") and Boscov's Department Store,

LLC ("**Boscov's**") and together with the Parent Company (the "**Defendants**") hereby request a

withdrawal of the order of reference in respect to the above-referenced adversary proceeding

pursuant to 28 U.S.C. §157(d).  In support of such relief, the Defendants aver as follows:

### INTRODUCTION

1.  The Defendants are entitled to an order withdrawing the reference of this

adversary proceeding to the Bankruptcy Court pursuant to 28 U.S.C. §157(d) because (a) this

action does not involve a core proceeding and (b) the Bankruptcy Court cannot conduct a jury

trial on non-core matters absent the consent of both parties.

1

2.  Concurrent with the filing of this Motion, the Defendants are filing with the Bankruptcy Court (i) an Answer to the Plaintiffs' Complaint with Affirmative Defenses and a Demand for Jury Trial (the "**Answer**") and (ii) a Motion to Determine Whether this Adversary Proceeding is a Non-Core Matter (the "**Section 157(b)(3) Motion**").  True and correct copies of the Answer and the Section 157(b)(3) Motion are attached hereto as Exhibits "A" and "B."

3.  It is clear that the Bankruptcy Court should grant the Section 157(b)(3) Motion and determine that this action is not a core proceeding.  Indeed, the only causes of action in the Complaint involve state law issues, not substantive bankruptcy law causes of action, and Plaintiffs' attempt to characterize the complaint as a turnover action under 11 U.S.C. §542(b) does not alter the fact that the claims set forth in the Complaint are really only non-core claims. See *In Re Atlas Automation, Inc.,* 42 B.R. 246 (Bankr. E.D. Mich. 1984) (a breach of contract claim is not a core turnover proceeding); *In Re American Energy, Inc.,* 50 B.R. 175 (Bankr. N.D. 1985) (contract action styled by trustee as turnover proceeding held to be non-core proceeding); *In re M.S.V., Inc.*, 97 B.R. 721, 728-29 (D. Mass 1989) (Section 542 turnover proceedings are limited to those seeking the return of undisputed funds).

4.  It is also not subject to fair dispute that (a) the Defendants timely filed their jury demand, (b) the Defendants have not consented to a trial by jury in Bankruptcy Court and (c) the Defendants did not file proofs of claim in any of the underlying bankruptcy cases.  A true and correct copy of a search of Logan & Company's claims registers for the Debtors' estates indicating that no claims have been filed by the Defendants is attached hereto as Exhibit "C," and the Defendants request the Court to take judicial notice of the Debtors' claims registers.

5.  Therefore, because the Defendants have timely filed a jury trial demand and are entitled to a trial by jury, coupled with the fact that Defendants do not consent to a trial by

SL1 660314v1/001857.00080

jury before the Bankruptcy Court and have not submitted themselves to the equitable jurisdiction

of the Bankruptcy Court, the Bankruptcy Court cannot conduct a trial by jury of this non-core

proceeding and this adversary proceeding should be withdrawn from the Bankruptcy Court and

transferred to the District Court for further proceedings.

## **APPLICABLE GOVERNING LAW**

6.  The federal district court has jurisdiction over bankruptcy actions under

28 U.S.C. §1334(b).

7.  Section 157(a) of the Bankruptcy Code permits the referral of bankruptcy

cases or related proceedings to the bankruptcy court, and by local standing order dated

September 23, 1984, which order was reinstated pursuant to an order dated September 6, 2001,

all bankruptcy cases and related proceedings filed in this district are automatically referred to the

bankruptcy judges for the District of Delaware.

8.  Bankruptcy courts "may hear and determine all cases under title 11 and all

core proceedings arising under title 11, or arising in a case under title 11…and may enter

appropriate orders and judgments, subject to review [by the district court] under section 158 of

this title."  28 U.S.C. § 157(b)(1).

9.  Section 157(d) permits the district court to "withdraw, in whole or in part, any

cause or proceeding referred under this section on its own motion or on timely motion of any

party, for cause shown.  28 U.S.C. §157(d).

10.  "Withdrawal from the bankruptcy court is an exception to the general rule that

bankruptcy proceedings should be adjudicated in the bankruptcy court unless withdrawal [is]

essential to preserve a higher interest."  *Gray v. Solvay Polymers, Inc. (In re Dooley Plastic Co.,*

*Inc.)*, 182 B.R. 73, 80-81 (D. Mass. 1994)(internal citation omitted)(quoting *United States v. Kaplan*, 146 B.R. 500, 502-03 (D. Mass. 1992)).

11.   "[B]ecause bankruptcy courts cannot conduct jury trials on non-core matters, withdrawal is mandated if a litigant is entitled to a jury trial on such matters." *In re Larry's Apartment, L.L.C.*, 210 B.R. 469, 472 (D. Ariz. 1997) (citing *In re Cinematronics, Inc.*, 916 F.2d 1444, 1451 (9th Cir. 1990)).  *See also In re Ponce Marine Farm, Inc.*, 172 B.R. 722, 724 (D.P.R. 1994) (mandatory withdrawal of reference from bankruptcy court necessitated only when non-core issues dominate bankruptcy issues or resolution of adversary proceeding involves substantial and material consideration of nonbankruptcy federal statutes).

12.   In addition, entitlement to a jury trial is another factor affecting discretionary withdrawal of the reference to a bankruptcy court.  *See Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 109 S. Ct. 2782 (1989).  The Bankruptcy Reform Act of 1994 granted bankruptcy courts limited authority to conduct jury trials only if the litigants consented.  See 28 U.S.C. §157(e) ("[i]f the right to a jury trial applies in a proceeding that may be heard under this section by a bankruptcy judge, the bankruptcy judge may conduct a jury trial if specially designated to exercise such jurisdiction by the district court and with the express consent of all the parties."); Fed. R. Bankr. P. 9015(b).

13.   Where a jury trial is required in a non-core proceeding and the parties do not consent to bankruptcy court jurisdiction, the failure to withdraw the reference is an abuse of discretion.  *In re Cinematronics*, 916 F.2d at 1450-51.  *See also Dooley Plastic*, 182 B.R. at 81 (holding that a bankruptcy court's lack of authority to conduct jury trial absent the parties' consent constituted good cause for a withdrawing reference to the bankruptcy court).

## THIS ADVERSARY PROCEEDING SHOULD BE WITHDRAWN FROM THE BANKRUPTCY COURT BASED ON DEFENDANTS' TIMELY DEMAND FOR A JURY TRIAL

14.  It is not subject to fair dispute that (a) the Defendants timely filed their jury demand, (b) the Defendants have not consented to a trial by jury before the bankruptcy judge, and (c) Defendants did not file proofs of claim in any of the underlying bankruptcy cases.

15.  It is also not subject to fair dispute that Defendants are entitled to a trial by jury on the non-core, breach of contract claims set forth in the Complaint.  *See Dairy Queen v. Wood*, 369 U.S. 469, 82 S. Ct. 894, 8 L. Ed. 2d 44 (1962) (in action to collect a debt for breach of a contract, the defendant has a right to trial by jury).

16.  As such, these adversary proceedings should be withdrawn from the Bankruptcy Court and transferred to the District Court in order to afford Defendants their right to a jury trial under the Seventh Amendment of the United States Constitution.

## DEFENDANTS' JURY TRIAL DEMAND WAS TIMELY FILED

17.  Rule 38(b) of the Federal Rules of Civil Procedure provides:

(b) Demand.  Any party may demand a trial by jury on any issue triable of right by a jury by (1) serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue….

SL1 660314v1/001857.00080

18.  In this case, contemporaneous with the timely filing of Defendants' Answer and Affirmative Defenses, Defendants timely demanded their right to a jury trial. As such, Defendants' jury trial demand was timely filed. [1]

## LACK OF CONSENT

19.  As of the date of this Motion, neither Defendant has consented to a trial by jury before the bankruptcy judge. Moreover, the Defendants will not consent to a trial by jury before the bankruptcy judge.

## NO PROOFS OF CLAIM

20.  The Debtors' own claims registers demonstrate that neither of the Defendants has filed a proof of claim in any of the underlying bankruptcy cases. Therefore, their right to a jury trial has not been waived or lost, and they cannot be deemed to have submitted to the equitable jurisdiction of the Bankruptcy Court.

## CONCLUSION

21.  For all the reasons set forth herein, Defendants respectfully request that this Court to enter an order withdrawing the reference of this adversary proceeding to the Bankruptcy Court, and that this adversary proceeding be transferred to the District Court for further proceedings.

---

[1]  Fed. R. Civ. P. 7(a) defines "pleadings" as (1) a complaint, (2) an answer, (3) a reply to a counterclaim, (4) an answer to a cross-claim, (5) a third-party complaint and (6) a third-party answer. Cases interpreting the time constraints for jury trial demands have consistently held that these six documents are the only ones which may qualify as the "last pleading" under Fed. R. Civ. P. 38(b). *See McFarland v. Leyh (In re Texas General Petroleum Corp.)*, 52 F.3d 1330, 1339 (5th Cir. 1995)(an original answer, which included a jury demand, that was filed in response to an amended complaint, constituted a timely jury demand even though it was filed seven months after service of the original complaint); *McCarthy v. Bronson*, 906 F.2d 835, 840 (2d Cir. 1990), *aff'd*, 500 U.S. 136, 111 S. Ct. 1737 (1991). Therefore, in cases in which only a complaint and an answer are filed, "any demand for jury trial must be served not later than ten days after service of the answer." *Cardio-Medical Assoc. v. Crozer-Chester Medical Ctr.*, 95 F.R.D. 194, 196 (E.D. Pa. 1982)(citing 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* §2320, at 92 (1981)).

22.  As the issues involved in connection with this Motion are not novel or complex, and the legal authority upon which the Defendants rely is set forth above, the Defendants hereby waive their right to file a separate brief with this Motion.  However, the Defendants respectfully reserve their right to file a reply to any response to this Motion filed by the Plaintiffs.

WHEREFORE, Defendants Boscov's, Inc. and Boscov's Department Store, LLC. respectfully request that the order of reference to the Bankruptcy Court be withdrawn in connection with this adversary proceeding and that this adversary proceeding be transferred to the District Court.  Defendants further pray for such other and further relief, at law or in equity, to which they may be justly entitled.

STEVENS & LEE, P.C.

 */s/ Joseph Grey*
Joseph Grey (No. 2358)
Thomas G. Whalen, Jr. (No. 4034)
1105 North Market Street, 7th Floor
Wilmington, DE 19801
Telephone: (302) 654-5180
Telecopier: (302) 654-5181
E-mail: jg@stevenslee.com
          tgw@stevenslee.com

and

Steven J. Adams, Esquire
(Member of PA Bar)
111 N. Sixth Street
P.O. Box 679
Telephone: (610) 478-2133
Telecopier: (610) 988-0841
E-mail: sja@stevenslee.com

Attorneys for Boscov's, Inc. and
Boscov's Department Store, LLC

Dated:  August 28, 2006

7

# EXHIBIT A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | : Jointly Administered |
| | : Case No. 03-12339 (PJW) |
| PILLOWTEX CORPORATION, et al., | : |
| | : Chapter 11 |
| Debtors. | : |

| | |
|---|---|
| PILLOWTEX CORPORATION and | : |
| FIELDCREST CANNON, INC. | : |
| | : |
| Plaintiffs, | : Adv. Proc. No. 06-50805 |
| | : |
| v. | : |
| | : |
| BOSCOV'S INC. and BOSCOV'S | : JURY TRIAL DEMANDED |
| DEPARTMENT STORE, LLC, | : |
| | : |
| Defendants. | : |

## ANSWER TO COMPLAINT WITH AFFIRMATIVE DEFENSES

Boscov's, Inc. (the "**Parent Company**") and Boscov's Department Store, LLC

("**Boscov's**" and together with the Parent Company, the "**Defendants**") answer to Plaintiff's

complaint, and assert affirmative defenses as follows:

1. Denied.

## JURISDICTION AND VENUE

2. It is specifically denied that the Court has jurisdiction in this matter. It is

specifically denied that this is a core proceeding or that Section 542 of Title 11, United States

Code (the "**Bankruptcy Code**"), as any application to the claims set forth in the Complaint. To

the contrary, this is a non-core proceeding. In accordance with the requirement of Fed. R. Bank.

P. 7012(b), Defendants state that they do not consent to the entry of final orders or judgment by

the bankruptcy judge.

1

3. Denied. To the contrary, pursuant to the terms and conditions of sale applicable to all transactions between Boscov's and the Plaintiffs, the only appropriate venue for this proceeding is in the United States District Court for the Eastern District of Pennsylvania, Reading Division.

## PARTIES

4. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 4.

5. Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments in Paragraph 5.

6. The first sentence of Paragraph 6 is admitted. As to the balance of the averments in Paragraph 6, the Defendants are without knowledge or information sufficient to form a belief as to the truth of such allegations.

7. Admitted that prior to the Petition Date, the Debtor did business with Boscov's Department Store, Inc. and Boscov's Department Store, LLC. It is admitted that Boscov's Department Store, Inc. was merged into Boscov's Department Store, LLC, a Pennsylvania limited liability corporation.

8. Admitted as to Boscov's Inc. Denied as to Boscov's Department Store, LLC. Boscov's Department Store, LLC is a Pennsylvania limited liability company.

## FACTS

7. [1]Admitted as to Boscov's. Denied as to Parent Company. Boscov's, Inc. is a holding company and has never done business with either Plaintiff.

8. Denied. Paragraph 8 also contains conclusions of law to which no response is required.

---

[1]     The Complaint contains two Paragraph 7s and two Paragraph 8s.

2

9.  Admitted as to Boscov's.  Denied as to Parent Company.

10.  Denied.  All deductions were warranted and approved in advance by Plaintiffs' authorized representative.

11.  Denied.  All deductions were warranted and approved in advance by Plaintiffs' authorized representative.

12.  Denied.  All deductions were warranted and approved in advance by Plaintiffs' authorized representative.

13.  Denied.

14.  Denied.  To the contrary, Plaintiffs breached their contracts with Boscov's and caused Boscov's loss.

15.  Admitted, except it is denied that either Defendant owes money to either Plaintiff.

16.  Denied.  No monies are owed to Plaintiffs by either Defendant.

### COUNT I
### (AS TO PLAINTIFF PILLOWTEX)

17.  Defendants incorporate herein by reference their answers to Paragraphs 1 through 16 above as if set forth herein at length.

18.  Denied.  The averments in this paragraph are conclusions of law to which no response is required.

19.  Denied.  All deductions were warranted and approved in advance by Plaintiffs' authorized representative.

20.  Denied.  To the contrary, Plaintiffs breached their contracts with Boscov's and caused Boscov's loss.

21.  Denied.  The averments in this paragraph are conclusions of law to which no response is required.

22.  Denied.  The averments in this paragraph are conclusions of law to which no response is required.

## COUNT II
### (AS TO PLAINTIFF FIELDCREST)

23.  Defendants incorporate herein by reference their answers to Paragraphs 1 through 22 above as if set forth herein at length.

24.  Denied.  The averments in this paragraph are conclusions of law to which no response is required.

25.  Denied.  All deductions were warranted and approved in advance by Plaintiffs' authorized representative.

26.  Denied.  To the contrary, Plaintiff's breached their contracts with Boscov's and caused Boscov's loss.

27.  Denied.  The averments in this paragraph are conclusions of law to which no response is required.

28.  Denied.  The averments in this paragraph are conclusions of law to which no response is required.

## COUNT III
### (AS TO EITHER PLAINTIFF PILLOWTEX AND PLAINTIFF FIELDCREST)

29.  Defendants incorporate herein by reference their answers to Paragraphs 1 through 28 above as if set forth herein at length.

30.  Denied.  The averments in this paragraph are conclusions of law to which no response is required.

4

31. Denied. All deductions were warranted and approved in advance by Plaintiffs' authorized representative.

32. Denied. To the contrary, Plaintiff's breached their contracts with Boscov's and caused Boscov's loss.

33. Denied. The averments in this paragraph are conclusions of law to which no response is required.

34. Denied. The averments in this paragraph are conclusions of law to which no response is required.

WHEREFORE, Defendants pray that the relief requested in the Complaint be denied and that the Complaint be dismissed with prejudice.

## AFFIRMATIVE DEFENSES

1. The Bankruptcy Court lacks subject matter jurisdiction over this action.

2. Venue is not appropriate in this district.

3. The Complaint fails to state claims upon which relief may be granted.

4. All transactions between Boscov's and the Plaintiffs were governed by Boscov's "Purchase Order Terms and Conditions."

5. Boscov's Purchaser Order Terms and Conditions expressly permitted Boscov's to take some or all of the deductions referenced in the Complaint.

6. In addition, some or all of the deductions taken by Boscov's were taken in accordance with Boscov's rights under Article 2 of the Uniform Commercial Code.

7. Plaintiffs' claims are barred by the doctrines of setoff and/or recoupment.

8. Depending upon the dates of purchases, the Plaintiffs' claims could be barred in whole or part by the statute of limitations and/or contractual agreement between the parties.

5

9. Plaintiffs' claims are limited as certain of the amounts alleged to be due have already been paid or the product referenced in Plaintiffs' invoices was never received by Boscov's.

10. Plaintiffs' claims may be barred in whole or in part by the doctrines of equitable estoppel, waiver and laches.

11. Plaintiffs' claims are barred by the doctrine of accord and satisfaction.

### DEMAND FOR JURY TRIAL

Defendants demand a trial by jury on all issues that are triable.

WHEREFORE, Defendants request that the Court enter judgment dismissing Plaintiffs' Complaint with prejudice and granting Defendants such other relief as is just and necessary under the circumstances.

Dated: August 28, 2006             STEVENS & LEE

By: _____
    Thomas G. Whalen, Jr. (No. 4034)
    Joseph Grey (No. 2358)
    1105 North Market Street, 7th Floor
    Wilmington, Delaware 19801
    Telephone: (302) 654-5180
    Facsimile: (302) 654-5181
    E-mail: tgw@stevenslee.com

                and

    Steven J. Adams, Esquire
    (Member of PA Bar)
    111 North Sixth Street
    P.O. Box 679
    Reading, Pennsylvania 19603
    (610) 478-2133

    Attorneys for Defendants

6

## CERTIFICATE OF SERVICE

I, Joseph Grey, hereby certify that on this date, I served certified true and correct

copies of the foregoing Answer to Complaint With Affirmative Defenses upon the following

counsel of record, by depositing the same in the United States mail, postage prepaid, addressed

as follows:

Morris, Nichols, Arsht & Tunnell LLP
William H. Sudell, Jr. (No. 463)
Gilbert R. Saydah, Jr. (No. 4304)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE   19899-1347

Debevoise & Plimpton LLP
Michael E. Wiles
Suzanne M. Grosso
Julie M. Calderon
919 Third Avenue
New York, NY   10022

Joseph Grey

Date:  August 28, 2006

# EXHIBIT B

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Jointly Administered |
| | : | Case No. 03-12339 (PJW) |
| PILLOWTEX CORPORATION, et al., | : | |
| | : | Chapter 11 |
| Debtors. | : | |

| | | |
|---|---|---|
| PILLOWTEX CORPORATION and FIELDCREST CANNON, INC. | : | |
| | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| | : | Adv. Proc. No. 06-50805 |
| v. | : | |
| | : | |
| | : | |
| BOSCOV'S, INC. and BOSCOV'S DEPARTMENT STORE, LLC, | : | |
| | : | |
| | : | |
| Defendants. | : | |

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on August 28, 2006, the Defendants filed their

MOTION FOR A DETERMINATION BY THE BANKRUPTCY COURT THAT THIS

ADVERSARY PROCEEDING IS A NON-CORE MATTER (the "Motion").

PLEASE TAKE NOTICE FURTHER that objections to the Motion, if any, must

be filed and served on counsel for Defendants listed below so as to be received no later than 4:00

p.m. on September 11, 2006.

1

IF NO RESPONSES ARE FILED, THE COURT MAY GRANT THE RELIEF

REQUESTED IN THE MOTION WITHOUT FURTHER NOTICE OR A HEARING.

Dated: August 28, 2006

STEVENS & LEE, P.C.

Joseph Grey (No. 2358)
Thomas G. Whalen, Jr. (No. 4034)
1105 North Market Street, 7th Floor
Wilmington, DE 19801
Telephone: (302) 654-5180
Telecopier: (302) 654-5181
E-mail:jg@stevenslee.com
       tgw@stevenslee.com

and

Steven J. Adams, Esquire
(Member of PA Bar)
111 N. Sixth Street
P.O. Box 679
Telephone: (610) 478-2133
Telecopier: (610) 988-0841
E-mail: sja@stevenslee.com

Attorneys for Boscov's, Inc. and
Boscov's Department Store, LLC

2

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | : Jointly Administered |
| | : Case No. 03-12339 (PJW) |
| PILLOWTEX CORPORATION, et al., | : |
| | : Chapter 11 |
| Debtors. | : |

| | |
|---|---|
| PILLOWTEX CORPORATION and | : |
| FIELDCREST CANNON, INC. | : |
| | : |
| Plaintiff, | : |
| | : |
| | : Adv. Proc. No. 06-50805 |
| v. | : |
| | : |
| | : JURY TRIAL DEMANDED |
| BOSCOV'S, INC. and | : |
| BOSCOV'S DEPARTMENT STORE, LLC, | : |
| | : |
| Defendants. | : |

**MOTION OF DEFENDANTS
FOR A DETERMINATION BY THE BANKRUPTCY COURT
THAT THIS ADVERSARY PROCEEDING IS A NON-CORE MATTER**

Defendants Boscov's Inc. (the "**Parent Company**") and Boscov's Department

Store, LLC ("**Boscov's**" and together with the Parent Company, the "**Defendants**"), hereby

request that the Court enter an order determining that this adversary proceeding is a non-core

matter under 28 U.S.C. § 157(b)(3), and in support thereof aver as follows:

1. On July 30, 2003, plaintiffs Pillowtex Corporation and Fieldcrest Cannon,

Inc., (collectively the "**Plaintiffs**"), along with others, commenced the above-referenced, jointly

administered bankruptcy cases under Chapter 11 of Title 11 of the United States Code (the

"**Bankruptcy Code**").

2. On July 28, 2006, Plaintiffs commenced this adversary proceeding against the

Defendants by filing a three count complaint (the "**Complaint**").

SL1 660328v1/001857.00080

3. In their Complaint, Plaintiffs asserted three pre-petition, state law breach of contract claims against the Defendants, although at Paragraphs 1, 2, 21, 27 and 33 of the Complaint the Plaintiffs assert that the Complaint is in the nature of a turnover proceeding under Section 542(b) of the Bankruptcy Code. Plaintiffs' Complaint further alleges that this adversary proceeding is a core proceeding.

4. Concurrent with the filing of this Motion, the Defendants have filed their Answer to the Complaint with Affirmative Defenses together with a demand for a jury trial (the "**Answer**"). In accordance with Bankr. R. Civ. P. 7012(b) , the Defendants deny in their Answer that this adversary proceeding is a core proceeding and state that they do not consent to the entry of orders or judgment by the bankruptcy judge.

5. In accordance with 28 U.S.C. § 157(b)(3), the Defendants bring this motion seeking a determination from this Court "whether [this] proceeding is a core proceeding under this subsection or is a proceeding that is otherwise related to a case under title 11."[1]

6. Plaintiffs' Complaint clearly and unmistakably asserts three pre-petition, breach of contract claims arising under Article 2 of the Uniform Commercial Code or other applicable state law.

7. Core proceedings include, among other things, matters concerning the administration of the estate; allowance or disallowance of claims against the estate; counterclaims by the estate against persons filing claims against the estate; proceedings to determine, avoid, or recover preferences; determinations of the validity, extent or priority of liens; and other proceedings affecting the liquidation of the assets of the estate or the adjustment

---

[1] Concurrent with the filing of this Motion, the Defendants have also filed a Motion to Withdraw the Reference of this Adversary Proceeding to the Bankruptcy Court seeking the transfer of this adversary proceeding to the District Court.

2

of the debtor-creditor or the equity security holder relationship. 28 U.S.C. § 157(b)(2)(A), (B), (C), (F), (K) & (O). Very clearly, they do not include breach of contract claims.

8. In general, state law claims are not core proceedings because they neither invoke substantive provisions of the Bankruptcy Code nor are they the type of claim that can only be entertained in bankruptcy. *See In re Gurga,* 176 B.R. 196, 199 (9th Cir. BAP) ("breach of contract actions are noncore claims."); *In re Jotan, Inc.*, 232 B.R. 503, 506 (Bankr. M.D. Fla. 1999) ("core proceedings have no existence outside of bankruptcy while non-core proceedings do not depend on bankruptcy law for their existence and are able to proceed in other courts."). *In re Pierce*, 44 B.R. 601, 602 (D. Colo. 1984).

9. In *Halper v. Halper*, 164 F.3d 830, 836-37 (3d Cir. 1999), the Third Circuit set forth the test to be applied in determining whether a claim is core or non-core:

> [t]o determine whether a proceeding is a "core" proceeding, courts * * * [in the Third] Circuit must consult two sources. First, a court must consult [28 U.S.C.] § 157(b). Although § 157(b) does not precisely define "core" proceedings, it nonetheless provides an illustrative list of proceedings that may be considered "core." Second, the court must apply this court's test for a 'core' proceeding. Under that test, "a proceeding is core [1] if it invokes a substantive right provided by title 11 or [2] if it is a proceeding, that by its nature, could arise only in the context of a bankruptcy case." * * * Non-core proceedings include the broader universe of all proceedings that are not core proceedings but are nevertheless "related to" a bankruptcy case.

164 F.3d at 836-37 (internal citations omitted).

10. In the Complaint, all of the three counts are clearly based solely on state law claims that are not included among the core matters listed in 28 U.S.C. § 157(b)(2).

11. Plaintiffs, however, attempt to create the illusion that the claims set forth in the Complaint are core claims by their characterizing the Complaint as a turnover proceeding under Section 542(b) of the Bankruptcy Code.

3

12. Congress, however, did not intend for the type of non-bankruptcy state law claims asserted by the Plaintiffs in this adversary proceeding, whether "dressed up" as a turnover claims or not, to constitute core claims. *See, e.g., In re Atlas Automation, Inc.*, 42 B.R. 246, 247 (Bankr. E.D. Mich. 1984); *In re American EnerSys, Inc.*, 50 B.R. 175 (Banc. M.D. 1985) (contract action styled by trustee as turnover proceeding held to be non-core proceeding).

13. In *Atlas*, the court held that:

> Although money due to a Chapter 11 debtor can certainly be described as "property of the estate" for which the plaintiff is requesting a "turn over" order, and although this is a "proceeding affecting the liquidation of the assets of the estate" in that it is indeed an action to liquidate what at least the debtor perceives to be an asset, to wit: an account receivable, the Court cannot ignore the legislative intent behind the...enaction of the Bankruptcy Amendments and Federal Judgeship Act of 1984.... In light of the fact that this statute was enacted in response to the Supreme Court's holding in *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*,...and that that case involved an action similar in legal nature to the case at hand, i.e., a breach of contract action, it is doubtful that Congress intended this type of case to be tried by a bankruptcy court. Thus although the perimeters of the definition of "turn over *property* of the estate" and "proceeding affecting the *liquidation* of the assets of the estate" are yet to be explored, they do not include actions of this type.

*See Atlas*, 42 B.R. at 247 (emphasis in original).

14. Indeed, Judge Sleet has recently held:

> "'[A] proceeding is core under [28 U.S.C.] section 157 if it invokes a substantive right provided by title 11 or if it is proceeding that, by its nature, could arise only in the context of a bankruptcy case.'" *In re Guild & Gallery Plus, Inc.*, 72 F.3d 1171, 1178 (3d Cir. 1996)(quoting *In re Marcus Hook Dev. Park, Inc.*, 943 F.2d 261, 267 (3d Cir. 1991)). "'If the proceeding does not invoke a substantive right created by the federal bankruptcy law and is one that could exist outside of bankruptcy it is not a core proceeding; it may be related to the bankruptcy because of its potential effect, but under section 157(c)(1) it is an "otherwise related" or non-core proceeding.'" *Id.* (quoting *In re Wood*, 825 F.2d 90, 97 (5th Cir. 1987).

4

*LJM2 Co-Investment, L.P. v. LJM2 Capital Mgm't., L.P.*, 2003 WL 431684*4 (D. Del. Feb. 24, 2003).

15. Furthermore, as demonstrated by the defenses set forth in their Answer, the Defendants dispute owing any money to the Plaintiffs and turnover proceedings under Section 542 of the Bankruptcy Code only concern the collection of undisputed debts. *See In re P&G Drywall and Acoustical Corp.*, 156 B.R. 704, 706 (Bkrtcy D. Me. 1993) (turnover proceedings are limited to those seeking the return of undisputed funds); *In re M.S.V., Inc.*, 97 B.R. 721, 728-29 (D. Mass 1989) (same).

16. Based on the foregoing, it is abundantly clear that this adversary proceeding does not involve a core proceeding and the Bankruptcy Court should so adjudicate.

17. As the issues involved in connection with this Motion are not novel or complex, and the legal authority upon which the Defendants rely is set forth above, the Defendants hereby waive their right to file a separate brief with this Motion. However, the Defendants respectfully reserve their right to file a reply to any response to this Motion filed by the Plaintiffs.

5

WHEREFORE, for all the reasons set forth herein, Defendants respectfully request that the Court determine that this proceeding is a non-core matter and that the Court enter an order in the form attached hereto. Defendants further request such other and further relief, at law or in equity, to which they may be justly entitled.

Dated: August 28, 2006

STEVENS & LEE, P.C.

Joseph Grey (No. 2358)
Thomas G. Whalen, Jr. (No. 4034)
1105 North Market Street, 7th Floor
Wilmington, DE 19801
Telephone: (302) 654-5180
Telecopier: (302) 654-5181
E-mail: jg@stevenslee.com
          tgw@stevenslee.com

and

Steven J. Adams, Esquire
(Member of PA Bar)
111 N. Sixth Street
P.O. Box 679
Telephone: (610) 478-2133
Telecopier: (610) 988-0841
E-mail: sja@stevenslee.com

Attorneys for Boscov's, Inc. and
Boscov's Department Store, LLC

6

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | :   Jointly Administered |
| | :   Case No. 03-12339 (PJW) |
| PILLOWTEX CORPORATION, et al., | : |
| | :   Chapter 11 |
| Debtors. | : |

| | |
|---|---|
| PILLOWTEX CORPORATION and | : |
| FIELDCREST CANNON, INC. | : |
| | : |
| Plaintiff, | : |
| | : |
| | :   Adv. Proc. No. 06-50805 |
| v. | : |
| | : |
| | : |
| BOSCOV'S, INC. and | : |
| BOSCOV'S DEPARTMENT STORE, LLC, | : |
| | : |
| Defendants. | : |

### ORDER DETERMINING THAT THIS ADVERSARY
### PROCEEDING IS A NON-CORE MATTER

AND NOW, this _____ day of _____, 2006, upon consideration of the Motion (the

"Motion") of Defendants for a Determination by the Bankruptcy Court that this Adversary

Proceeding is a Non-Core Matter under 28 U.S.C. § 157(b)(2), filed simultaneously with the

Defendants' Motion in the District Court for Withdrawal of the Reference of this Adversary

Proceeding, it is hereby determined that all of the claims asserted by the Plaintiffs in this

adversary proceeding are non-core claims.

 

 

 

_____
Peter J. Walsh
United States Bankruptcy Judge

## CERTIFICATE OF SERVICE

I, Joseph Grey, hereby certify that on August 28, 2006, copies of the foregoing

NOTICE and MOTION OF DEFENDANTS FOR A DETERMINATION BY THE

BANKRUPTCY COURT THAT THIS ADVERSARY PROCEEDING IS A NON-CORE

MATTER was served on counsel for Plaintiffs by first class United States mail, postage prepaid,

and addressed as follows:

Morris, Nichols, Arsht & Tunnell LLP          Debevoise & Plimpton LLP
William H. Sudell, Jr. (No. 463)              Michael E. Wiles
Gilbert R. Saydah, Jr. (No. 4304)             Suzanne M. Grosso
1201 N. Market Street                         Julie M. Calderon
P.O. Box 1347                                 919 Third Avenue
Wilmington, DE   19899-1347                   New York, NY   10022

Joseph Grey

# EXHIBIT C



No matching claims found.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | : |
| | : Jointly Administered |
| | : Case No. 03-12339 (PJW) |
| PILLOWTEX CORPORATION, et al., | : |
| | : |
| | :    Chapter 11 |
| Debtors. | : |
| | : |
| | : |
| | : |
| PILLOWTEX CORPORATION and | : |
| FIELDCREST CANNON, INC. | : |
| | : |
| Plaintiff, | : |
| | : |
| | :    Adv. Proc. No. 06-50805 |
| v. | : |
| | : |
| BOSCOV'S, INC. and | : |
| BOSCOV'S DEPARTMENT STORE, | : |
| LLC, | : |
| | : |
| Defendants. | : |
| | : |

**ORDER WITHDRAWING THE REFERENCE OF THIS**
**ADVERSARY PROCEEDING TO THE BANKRUPTCY COURT**

      AND NOW, this ____ day of _____, 2006, upon consideration of the

Motion (the "Motion") of Defendants to Withdraw the Reference of this Adversary Proceeding

to the Bankruptcy Court, and the Court being advised that the Bankruptcy Court has granted

Defendants' Motion for a Determination By the Bankruptcy Court that this Adversary

Proceeding is a Non-Core Matter and has determined that the claims asserted in the Plaintiffs'

complaint are all non-core claims, and it appearing that the Defendants have made a timely

demand for a jury trial and will not consent to the Bankruptcy Court holding a jury trial, IT IS

THEREBY ORDERED that the Motion is granted, and it is further

SL1 660314v1/001857.00080

ORDERED, that the reference of this adversary proceeding to the Bankruptcy

Court is hereby withdrawn and this adversary proceeding shall be transferred to the District

Court for further proceedings.

_____
United States District Judge

2