IN THE UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

In re:                                  :
                                        :   Jointly Administered
PILLOWTEX CORPORATION, et al.,          :   Case No. 03-12339 (PJW)
                                        :
          Debtors.                      :   Chapter 11
                                        :
_____       :
                                        :
PILLOWTEX CORP. and                     :
FIELDCREST CANNON, INC.,                :   Adv. Pro. No. 06-50805 (PJW)
                                        :
          Plaintiffs,                   :
                                        :
          v.                            :
                                        :
BOSCOV'S, INC. and BOSCOV'S             :
DEPARTMENT STORE, LLC,                  :
                                        :
          Defendants.

**PLAINTIFFS' ANSWERING BRIEF IN OPPOSITION TO MOTION OF
DEFENDANTS TO WITHDRAW THE REFERENCE OF THIS ADVERSARY
PROCEEDING AND RESPONSE TO MOTION OF DEFENDANTS FOR A
DETERMINATION BY THE BANKRUPTCY COURT THAT THIS
ADVERSARY PROCEEDING IS A NON-CORE MATTER**

William H. Sudell, Jr. (No. 463)
Gilbert R. Saydah, Jr. (No. 4304)
Margaret E. Juliano (No. 4722)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200

*Counsel to the Debtors*

September 13, 2006

<u>TABLE OF CONTENTS</u>

|                                                                                                         | <u>Page</u> |
| ------------------------------------------------------------------------------------------------------- | ----------- |
| TABLE OF AUTHORITIES                                                                                     | ii          |
| NATURE AND STAGE OF THE PROCEEDINGS                                                                      | 1           |
| SUMMARY OF ARGUMENT                                                                                      | 2           |
| FACTUAL BACKGROUND                                                                                       | 3           |
| ARGUMENT                                                                                                 | 5           |
| I.   THE DEFENDANTS HAVE FAILED TO ESTABLISH "CAUSE" TO WITHDRAW THE REFERENCE AT THIS EARLY STAGE OF THE PROCEEDING. | 5 |
| II.  THE DECISION TO WITHDRAW THE REFERENCE SHOULD BE DEFERRED UNTIL THE CASE IS TRIAL READY. | 9 |
| CONCLUSION                                                                                               | 14          |

## TABLE OF AUTHORITIES

Page(s)

<u>Cases</u>

*Auto Manuf. Specialties Co. v. Sachs (In re
    Auto Specialties Manuf. Co.),*
    134 B.R. 227 (W.D. Mich. 1990)                 7, 11

*Biglari Import & Export, Inc. v. Nationswide
    Mutual Fire Ins. Co. (In re Biglari
    Import & Export, Inc.),* 142 B.R. 777
    (Bankr. W.D. Tex. 1992)                         11

*Business Commc'n, Inc. v. Freeman,*
    129 B.R. 165 (N.D. Ill. 1991)              7, 10, 12

*City Fire Equip. Co. v. Ansul Fire
    Protection Wormald U.S., Inc.,*
    125 B.R. 645 (N.D. Ala. 1989)                   12

*Colbert v. Anderson (In re Colbert),*
    117 B.R. 51 (Bankr. D. Conn. 1990)              11

*EXDS, Inc. v. CB Richard Ellis (In re EXDS,
    Inc.),* 2006 U.S. Dist. LEXIS 50192
    (D. Del. July 20, 2006)                        6, 8, 9

*GE Capital Corp. v. Teo,*
    2001 U.S. Dist. LEXIS 22266 (D.N.J.
    Dec. 14, 2001)                                  9, 12

*Gucci v. Gucci,*
    1997 WL 122838 (S.D.N.Y. Mar. 17, 1997)         7, 11

*Hatzel & Buehler, Inc. v. Central Hudson Gas
    & Elec. Corp.,* 106 B.R. 367 (D. Del.
    1989)                                           6, 8

*Hayes v. Royala, Inc.,*
    180 B.R. 476 (E.D. Tex. 1995)                   10

*In re GI Holdings, Inc.,*
    295 B.R. 211 (D.N.J. 2003)                      7

*Jobin v. Koepfer (In re M&L Bus. Machines
    Co., Inc.),* 159 B.R. 932 (D. Colo.
    1993)                                           13

TABLE OF AUTHORITIES (continued)

Page(s)

*Keene Corp. v. Levy, Phillips, & Konigsberg*
    *(In re Keene Corp.)*, 182 B.R. 379
    (S.D.N.Y. 1995)                                         10

*Melon v. Delaware & Hudson Railway Co. (In*
    *re Delaware & Hudson Railway Co.)*,
    122 B.R. 887 (Bankr. D. Del. 1991)                      12

*Shubert v. Lucent Techs., Inc. (In re*
    *Winstar Commc'n, Inc.)*, 2004 U.S. Dist.
    LEXIS 25169 (D. Del. Nov. 16, 2004)                      5

*Shugrue v. Pension Benefit Guaranty*
    *Corporation (In re Ionosphere Clubs,*
    *Inc.)*, 142 B.R. 645 (S.D.N.Y. 1992)                   13

*Wakefern Food Corp. v. C&S Wholesale*
    *Grocers, Inc. (In re Big V Holding*
    *Corp.)*, 2002 U.S. Dist. LEXIS 12608 (D.
    Del. July 11, 2002)                                    9, 11

*Wedtech Corp. Banco Popular De Puerto Rico*
    *(In re Wedtech Corp.)*, 94 B.R. 293
    (S.D.N.Y. 1988)                                         13

Statutes And Other Authorities

11 U.S.C. § 542                                             3

28 U.S.C. § 1334                                            5

28 U.S.C. § 157                                             5

COLLIER ON BANKRUPTCY P. 3.04
    (15th Ed. Rev. 2005)                                  5

## NATURE AND STAGE OF THE PROCEEDINGS

This is an adversary proceeding filed by Pillowtex Corp. and Fieldcrest Cannon, Inc. (the "Plaintiffs") against Boscov's, Inc. and Boscov's Department Store, LLC (the "Defendants"). By their Complaint filed on July 28, 2006 (the "Complaint"), the Plaintiffs seek to recover in excess of $127,993.89 on account of Defendants' failure to make full and timely payment for goods by the Plaintiffs to the Defendants.

On August 28, 2006, the Defendants filed their Answer To Complaint With Affirmative Defenses (the "Answer") denying the allegations of the Complaint and demanding a trial by jury. On that same day, Defendants moved to withdraw the reference of this adversary proceeding asserting that the presence of non-core state law claims and Defendants' demand for jury trial establish "cause" for withdrawing the reference. As demonstrated below, and contrary to Defendants' assertions, neither the presence of non-core state law claims nor Defendants' jury demand establish "cause" to withdraw the reference of this case at this early stage of the proceedings.

## SUMMARY OF ARGUMENT

By their motion, Defendants assert that cause exists to withdraw the reference of this adversary proceeding because (i) the claims set forth in the Complaint are not core matters, and (ii) Defendants have demanded a trial by jury, and do not consent to a trial by jury in the Bankruptcy Court. Putting aside the fact that Defendants have not offered any justification for their refusal to consent to a jury trial in the Bankruptcy Court, neither the presence of predominantly state law claims, nor Defendants' jury trial demand alone or together, establish "cause" to withdraw the reference at this early stage of the proceedings. Rather, as this Court has repeatedly held, considerations of judicial economy and efficiency dictate that this case remain with the Bankruptcy Court for purposes of the pretrial proceedings and that Defendants' motion be denied without prejudice to renew it at such time as the case is trial ready.

<u>FACTUAL BACKGROUND</u>

On July 30, 2003 (the "Petition Date"), Pillowtex Corp. and its affiliated debtors (collectively, the "Debtors") filed petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"). Complaint at ¶ 6. The Debtors continue to manage their properties as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. *Id.* at ¶ 6.

Prior to the Petition Date, the Debtors and the Defendants had a contractual relationship pursuant to which the Defendants purchased various types of textile merchandise from the Debtors under a variety of brand names. *Id.* at ¶ 7. Despite demand for payment, the Defendants failed to make full and timely payment to the Debtors for the goods the Defendants ordered, resulting in damages to the Debtors in the amount of $127,993.89. Complaint at ¶¶ 8, 9, 32.

On July 28, 2006, the Debtors filed an adversary proceeding against Defendants seeking to compel them to turnover to the estate $127,993.89 pursuant to 11 U.S.C. § 542. On August 28, 2006, the Defendants filed their Answer. On that same day, Defendants filed the Motion of

4.

Defendants To Withdraw the Reference Of This Adversary Proceeding (the "Motion") and the Motion of Defendants For A Determination By The Bankruptcy Court That This Adversary Proceeding Is A Non-Core Matter.[1]

---

[1]    For purposes of the pending motions only, and without adopting any of the Defendants recitals of the facts or the alleged predicates for the requested relief, Plaintiffs do not object to Defendants' motion for determination that the claims asserted in the Complaint are non-core.

<u>ARGUMENT</u>

I.   <u>THE DEFENDANTS HAVE FAILED TO ESTABLISH
     "CAUSE" TO WITHDRAW THE REFERENCE AT
     THIS EARLY STAGE OF THE PROCEEDING.</u>

Although Defendants make much of the fact that the claims asserted in the Complaint are non-core state law contract claims, it is well established that the Bankruptcy Court may hear and determine such claims to the extent that they "arise in" or are "related to" a case under title 11 of the United States Code.   *See* 28 U.S.C. §§ 157(a) and 1334(b).   Defendants do not really contend otherwise but rather, assert that this Court ought to exercise the discretionary power afforded to it under 28 U.S.C. § 157(d) to withdraw the automatic reference to the Bankruptcy Court for "cause shown".[2]   As the moving parties, Defendants bear the burden of demonstrating "cause" in order to prevail on the Motion.   *Shubert v. Lucent Techs., Inc. (In re Winstar Commc'n, Inc.)*, 2004 U.S. Dist. LEXIS 25169 at * 6 (D. Del. Nov. 16, 2004) (Exhibit A hereto).

---

[2]   Although Defendants imply that withdrawal is mandated because of the jury demand, mandatory withdrawal only applies where the complaint or cause of action involves *both* bankruptcy and other substantive federal law.   COLLIER ON BANKRUPTCY P. 3.04 (15th Ed. Rev. 2005).   In this matter, mandatory withdrawal is not appropriate because the claims raised in the Complaint do not involve federal law other than bankruptcy.

In this district, a showing of cause is the product of balancing several factors including: "whether withdrawal would promote uniformity of bankruptcy administration; reduce forum shopping and confusion; conserve debtor and creditor resources; [and] expedite the bankruptcy process...." *Hatzel & Buehler, Inc. v. Central Hudson Gas & Elec. Corp.*, 106 B.R. 367, 371 (D. Del. 1989). This list is not exhaustive but, rather, the Court considers other relevant factors including, judicial economy, whether the proceedings are core or non-core and whether the right to a jury trial exists. Of these factors, "judicial economy is an especially important consideration." *EXDS, Inc. v. CB Richard Ellis (In re EXDS, Inc.)*, 2006 U.S. Dist. LEXIS 50192 at *4 (D. Del. July 20, 2006) (Exhibit B hereto).

Here, considerations of uniformity in bankruptcy administration and judicial economy weigh decidedly in favor of allowing this case to proceed in the Bankruptcy Court until such time as the case is ready for trial. Having presided over the Debtors' bankruptcy proceedings and several other adversary proceedings filed by Plaintiffs against different defendants asserting claims nearly identical to those asserted in the Complaint, the Bankruptcy Court is familiar with the Debtors' business organization and financial affairs and has the necessary

resources to preside over the pretrial phase in an efficient and effective manner. This familiarity with the Debtors' business will necessarily facilitate a more efficient administration of the pre-trial phase of this adversary proceeding and dictates that the Motion be denied at the present time. *See e.g.*, *Gucci v. Gucci*, 1997 WL 122838 (S.D.N.Y. Mar. 17, 1997) ("[T]he interests of judicial economy will be well served by having this case before the Bankruptcy Court that already has extensive knowledge of the complex underlying transactions and occurrences") (Exhibit C hereto); *see also*, *Auto Manuf. Specialties Co. v. Sachs (In re Auto Specialties Manuf. Co.)*, 134 B.R. 227, 229 (W.D. Mich. 1990) (denying motion to withdraw the reference without prejudice and finding that it would be "advantageous to all parties to permit [the bankruptcy judge], who is familiar with the dynamics and history of the case, to continue sheparding it to resolution" until the case became ready for trial); *In re GI Holdings, Inc.*, 295 B.R. 211, 219 (D.N.J. 2003) (denying motion to withdraw the reference as to estimation proceedings, finding that judicial economy is better served by having the "Bankruptcy Court, with over 24 months experience" in the bankruptcy case); *Business Commc'n, Inc. v. Freeman*, 129 B.R. 165, 166 (N.D. Ill. 1991) (stating

that the Bankruptcy Court is in the "best position to monitor the progress of the litigation as [the Bankruptcy Judge] is overseeing the bankruptcy," because from that "vantage point, the bankruptcy judge can ensure the uniform, efficient administration of the bankruptcy estate.").

The fact that this case involves non-core claims and a jury trial demand does not compel a contrary result. Although these facts are relevant to the determination of whether "cause" exists, neither factor is dispositive of the issue, as this Court has held.  *See In re EXDS, Inc.*, 2006 U.S. Dist. LEXIS 50192 at *4 ("The assertion of a right to a jury trial is one factor used to determine whether 'cause' exists); *Hatzel & Buehler*, 106 B.R. at 371 ("Whether a proceeding is labeled 'core' or 'non-core' does not necessarily determine whether cause exists for withdrawal.").

Indeed, in *EXDS, Inc. v. CB Richard Ellis (In re EXDS, Inc.)*, this Court denied an unopposed motion to withdraw the reference on facts nearly identical to those present here finding that the Bankruptcy Court was better suited to address the pretrial aspects of the case.  2006 U.S. Dist. LEXIS 50192.  In so doing, and despite acknowledging that Defendants' right to a jury trial might

warrant withdrawal of the reference at some point in the future, the Court held that immediate withdrawal was inappropriate stating "logic and the case law in this district, as noted, shows [the movant's] right to a jury trial will not be affected by the Bankruptcy Court conducting the pretrial proceedings." *In re EXDS*, 2006 U.S. Dist. LEXIS 50192 at *5. So too here, the fact that the Defendants may be entitled to a jury trial at some future point in time does not establish "cause" for the immediate withdrawal of the reference.

> II.  THE DECISION TO WITHDRAW THE REFERENCE
>      SHOULD BE DEFERRED UNTIL THE CASE IS
>      TRIAL READY.

Whether Defendants have a right to a jury trial in this adversary proceeding is an issue that is not yet ripe for determination. The "mere fact that a defendant has asserted a right to trial by jury is not sufficient to immediately justify withdrawal of an action from bankruptcy." *GE Capital Corp. v. Teo,* 2001 U.S. Dist. LEXIS 22266 at *14 (D.N.J. Dec. 14, 2001) (Exhibit D hereto). Rather, a motion for withdrawal of the reference based on the ground that a party is entitled to a jury trial is best heard "if and when the case is ready to proceed to trial." *In re EXDS*, 2006 U.S. Dist. LEXIS 50192 at *5; *Wakefern Food Corp. v. C&S Wholesale Grocers, Inc.*

*(In re Big V Holding Corp.)*, 2002 U.S. Dist. LEXIS 12608 at *17 (D. Del. July 11, 2002) (Exhibit E hereto) ("Withdrawal of the reference based on the ground that a party is entitled to a jury trial should be deferred until the case is 'trial ready.'"); *see also*, *Keene Corp. v. Levy, Phillips, & Konigsberg (In re Keene Corp.)*, 182 B.R. 379 (S.D.N.Y. 1995) (denying motion for withdrawal of the reference, finding that the issue was "not ripe" in the "initial stages" of the adversary proceeding when "the bankruptcy court is fully equipped with the tools to proceed in this matter"); *Hayes v. Royala, Inc.*, 180 B.R. 476, 477 (E.D. Tex. 1995) ("[T]his court will not grant a motion to withdraw until it is readily apparent that Plaintiffs' case will require a trial by jury...."); *Business Commc'n, Inc.*, 129 B.R. at 166 (denying motion to withdraw the reference, finding that "defendants have not shown that will suffer any measurable injury or prejudice is the case is not withdrawn now" at "this preliminary stage of the litigation").

Here, Defendants acknowledge that this adversary proceeding is in its early stages as Defendants have only recently filed their answer to the Complaint. No discovery has been taken, nor have the parties even filed their initial disclosures. Thus, whether removal of this

adversary proceeding to the District Court is appropriate, or warranted, is a question that will become only become ripe for determination when and if the case becomes ready for trial. *See In re Big V Holding Corp.*, 2002 U.S. Dist. LEXIS 12608 at *11 (denying motion to withdraw the reference and holding that it "would be premature to withdraw the reference to the bankruptcy court based upon the unfixed proposition that a jury trial may occur in the future" and "at the present time, the case is not ready for trial.")(citing *In re Northwestern Institute of Psychiatry, Inc.*, 268 B.R. 79, 84 (E.D.Pa. 2001)); *Auto Specialties Manuf. Co.*, 134 B.R. 227 (determining that motion seeking withdrawal of the reference based upon jury demand was "premature" and "will become a question ripe for determination if and when the case becomes trial ready"); *Biglari Import & Export, Inc. v. Nationswide Mutual Fire Ins. Co. (In re Biglari Import & Export, Inc.)*, 142 B.R. 777, 785 (Bankr. W.D. Tex. 1992); *Gucci v. Gucci*, 1997 WL 122838 (S.D.N.Y. 1997) (denying the motion for withdrawal of the reference at "the present infant stage of the proceeding" without prejudice and until such time as the "case becomes trial ready."); *Colbert v. Anderson (In re Colbert)*, 117 B.R. 51, 54 (Bankr. D. Conn. 1990).

Moreover, even when a movant has demanded a jury trial, Bankruptcy Courts have the authority to supervise discovery, conduct pretrial conferences, and rule on motions. *See*, *e.g.*, *GE Capital Corp.*, 2001 U.S. Dist. LEXIS 22266 at *14 (D.N.J. Dec. 14, 2001) ("[E]ven when a district court must ultimately preside over a trial by jury, there is no reason why the Bankruptcy Court may not 'preside over [an] adversary proceeding and adjudicate discovery disputes and motions only until such time as the case is ready for trial.'") (citing *In re Lands End Leasing, Inc.*, 193 B.R. 426, 436 (Bankr. D.N.J. 1996)); *Melon v. Delaware & Hudson Railway Co. (In re Delaware & Hudson Railway Co.)*, 122 B.R. 887, 897 (Bankr. D. Del. 1991) (denying withdrawal of the reference as to core proceedings, granted withdrawal "just prior to trial" for noncore proceeding); *City Fire Equip. Co. v. Ansul Fire Protection Wormald U.S., Inc.*, 125 B.R. 645, 646 (N.D. Ala. 1989) ("[The] Bankruptcy Court is uniquely qualified and has authority, even in actions such as this in which a jury trial has been demanded, to supervise discovery and conduct pretrial conferences and rule on motions."); *Business Commc'n, Inc.*, 129 B.R. at 166 (holding that prior to the time a the case becomes "trial ready", the "bankruptcy court can properly resolve pretrial interlocutory

questions" and "make recommendations based on its findings of fact and conclusions of law" on dispositive motions); *Jobin v. Koepfer (In re M&L Bus. Machines Co., Inc.)*, 159 B.R. 932 (D. Colo. 1993) (allowing bankruptcy court to conduct pre-trial matters, including final orders with respect to discovery); *Wedtech Corp. Banco Popular De Puerto Rico (In re Wedtech Corp.)*, 94 B.R. 293, 295 (S.D.N.Y. 1988). *See also*, *Shugrue v. Pension Benefit Guaranty Corporation (In re Ionosphere Clubs, Inc.)*, 142 B.R. 645 (S.D.N.Y. 1992) (determining that preference action should remain in the bankruptcy court prior to trial because of bankruptcy court's familiarity with the bankruptcy case).

## CONCLUSION

For all of the foregoing reasons, Plaintiffs respectfully request that the Court enter an order (i) denying the Motion; and (ii) granting such other and further relief as the Court deems just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

William H. Sudell, Jr. (No. 463)
Gilbert R. Saydah, Jr. (No. 4304)
Margaret E. Juliano (No. 4722)
Morris, Nichols, Arsht & Tunnell LLP
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
mjuliano@mnat.com

*Counsel to the Debtors*

September 13, 2006

**EXHIBIT A**

LEXSEE 2004 U.S. DIST. LEXIS 25169

**IN RE: WINSTAR COMMUNICATIONS, INC., et al., Debtors. CHRISTINE C. SHUBERT, CHAPTER 7 TRUSTEE OF WINSTAR COMMUNICATIONS, INC. AND WINSTAR WIRELESS, INC., Plaintiff, v. LUCENT TECHNOLOGIES, INC., Defendant.**

**Civil Action No. 04-928 JJF**

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE**

*2004 U.S. Dist. LEXIS 25169*

**November 16, 2004, Decided**

**SUBSEQUENT HISTORY:** Judgment entered by *Shubert v. Lucent Techs. Inc. (In re Winstar Communs., Inc.), 2005 Bankr. LEXIS 2683 (Bankr. D. Del., Dec. 21, 2005)*

**PRIOR HISTORY:** [*1] Chapter 7. Bankruptcy Case No. 01-01430. Adversary No. 01-01063. *Winstar Communs., Inc. v. Lucent Techs., Inc., 2003 Bankr. LEXIS 2209 (Bankr. D. Del., Aug. 7, 2003)*

**DISPOSITION:** Defendant's motion to withdraw reference to Bankruptcy Court denied.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Debtors petitioned for relief under Chapter 11 and concurrently commenced an adversary proceeding, alleging that defendant creditor breached several contracts. Defendant filed proofs of claim, asserting secured and unsecured claims. The trustee, as plaintiff, made additional claims. Defendant asserted counterclaims and made a demand for a jury trial. Defendant sought to withdraw the reference of the adversary proceeding.

**OVERVIEW:** Defendant argued that cause for permissive withdrawal existed for several reasons. While defendant may have been entitled to a jury trial on the preferential payment issue had it presented no claim in the bankruptcy proceeding and awaited a federal action by the trustee, a creditor who submitted a proof of claim against an estate had no right to a jury trial on issues raised in defense of such a claim. Filing proofs of claim triggered the process of allowance and disallowance of those claims, thereby subjecting defendant to the bankruptcy court's equity power. The trustee's subsequent preference action was a part of the claims allowance process and triable only in equity. Defendant waived its right to a jury trial as to the alleged preferential transfer, and its consent to the trustee's withdrawal of her jury trial demand was not required. Because the trustee's subcontract claim and defendant's counterclaims for fraud and negligent misrepresentation may have affected the ordering of creditors or equitable distribution of the estate res, they became a part of the claims allowance process and were triable only in equity. Factors for "cause" likewise did not support a withdrawal.

**OUTCOME:** The court denied defendant's motion to withdraw the reference to the bankruptcy court.

**LexisNexis(R) Headnotes**

*Bankruptcy Law > Practice & Proceedings > Adversary Proceedings > General Overview*
*Bankruptcy Law > Practice & Proceedings > Jurisdiction > Federal District Courts*
*Civil Procedure > Jurisdiction > Subject Matter Jurisdiction > Jurisdiction Over Actions > Exclusive Jurisdiction*
[HN1] Under 28 U.S.C.S. § 1334(b), district courts have original but not exclusive jurisdiction of all civil proceedings arising under Title 11, or arising in or related to cases under Title 11. Pursuant to 28 U.S.C.S. § 157(a), each district court may refer cases under Title 11 to the bankruptcy court for disposition. However, under 28 U.S.C.S. § 157(d), the referred proceeding can be withdrawn from the bankruptcy court and returned to the district court. Section 157(d) provides for both mandatory withdrawal and discretionary withdrawal.

*Bankruptcy Law > Practice & Proceedings > Adversary Proceedings > General Overview*
*Bankruptcy Law > Practice & Proceedings > Contested Matters*
*Civil Procedure > Pleading & Practice > Motion Practice > Time Limitations*
[HN2] See 28 U.S.C.S. § 157(d).

*Bankruptcy Law > Practice & Proceedings > Adversary Proceedings > General Overview*
*Bankruptcy Law > Practice & Proceedings > Contested Matters*
[HN3] The requirement that cause be shown for discretionary withdrawal pursuant to 28 U.S.C.S. § 157(d) creates a presumption that Congress intended to have bankruptcy proceedings adjudicated in bankruptcy court, unless rebutted by a contravening policy.

*Bankruptcy Law > Practice & Proceedings > Adversary Proceedings > General Overview*
*Bankruptcy Law > Practice & Proceedings > Contested Matters*
[HN4] The U.S. Court of Appeals for the Third Circuit has set forth five factors that a district court should consider in determining whether "cause" exists for discretionary withdrawal pursuant to 28 U.S.C.S. § 157(d). These factors include: 1) promoting uniformity in bankruptcy administration; 2) reducing forum shopping and confusion; 3) fostering economical use of debtor/creditor resources; 4) expediting the bankruptcy process; and 5) timing of the request for withdrawal.

*Bankruptcy Law > Practice & Proceedings > Jurisdiction > Core Proceedings*
*Bankruptcy Law > Practice & Proceedings > Jurisdiction > Noncore Proceedings*
*Governments > Courts > Rule Application & Interpretation*
[HN5] Local Rules for the United States Bankruptcy Court for the District of Delaware state that the movant for withdrawal shall concurrently file with the Clerk a motion for a determination by the Bankruptcy Court with respect to whether the matter or proceeding is core or non-core. D. Del. Bankr. R. 5011-1.

*Bankruptcy Law > Practice & Proceedings > Jury Trials*
*Civil Procedure > Trials > Jury Trials > Right to Jury Trial*
*Estate, Gift & Trust Law > Estate Administration > Claims Against Estates > General Overview*

[HN6] A creditor who submits a proof of claim against a bankruptcy estate has no right to a jury trial on issues raised in defense of such a claim.

*Bankruptcy Law > Practice & Proceedings > Adversary Proceedings > General Overview*
*Civil Procedure > Trials > Jury Trials > Right to Jury Trial*
*Criminal Law & Procedure > Juries & Jurors > Waiver of Jury Trial > Requirements > General Overview*
[HN7] Fed. R. Civ. P. 38(d) states that a jury demand may not be withdrawn without the consent of the parties and ensures that one party may rely on another's jury demand.

**COUNSEL:** Sheldon K. Rennie, Esquire of FOX, ROTHSCHILD LLP, Wilmington, Delaware.; Of Counsel: Stephen M. Rathkopf, Esquire and David R. King, Esquire of HERRICK, FEINSTEIN LLP, New York, New York; Richard G. Smolev, Esquire of KAYE SCHOLER LLP, New York, New York., for Plaintiff.

Daniel J. DeFranceschi, Esquire; Rebecca L. Booth, Esquire, and Jason M. Madron, Esquire of RICHARDS, LAYTON & FINGER, P.A., Wilmington, Delaware.; Of Counsel: Paul C. Saunders, Esquire and Daniel Slifkin, Esquire of CRAVATH, SWAINE & MOORE LLP, New York, New York., for Defendant.

**JUDGES:** Farnan, District Judge.

**OPINION BY:** JOSEPH J. FARNAN, JR.

**OPINION:**

### MEMORANDUM OPINION

November 16, 2004
Wilmington, Delaware

**Farnan, District Judge.**

Presently before the Court is the Motion Of Defendant Lucent Technologies, Inc. To Withdraw The Reference To The Bankruptcy Court (D.I. 1). For the reasons discussed, Lucent's motion will be denied.

#### Background

On April 18, 2001, Winstar Communications, Inc. and Winstar Wireless, Inc. (collectively, "Winstar") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. Winstar [*2] concurrently commenced an Adversary Proceeding alleging that Lucent Technologies, Inc. ("Lucent") breached several of the contracts between Winstar and Lucent, allegedly forcing

Winstar to file its bankruptcy petition. Lucent filed several proofs of claim, asserting claims against Winstar that include secured and unsecured claims for sums alleged due under agreements between Lucent and Winstar.

In January 2002, the Court converted the bankruptcy to Chapter 7 and the bulk of Winstar's assets were subsequently liquidated. Following the conversion, Christine C. Shubert ("the Trustee") interceded to prosecute this action as Plaintiff and filed the Second Amended Complaint (A.D.I. 69).

In the Second Amended Complaint, the Trustee demanded a "trial by jury as to all issues so triable," and added Count XI, a claim seeking to equitably subordinate Lucent's claims. Two other claims remain in the case-- Count VII for Breach of the Parties' Subcontracting Arrangement and Count X for Return of Preferential Transfer.

After the Bankruptcy Court decided the Motion of Lucent Technologies Inc. to Dismiss Certain Claims Of The Second Amended Complaint (A.D.I. 70), Lucent made a demand for a jury trial [*3] and asserted four counterclaims for fraud and negligent misrepresentation. (A.D.I. 156.) Lucent asserted these counterclaims with regard to financial information that Winstar allegedly provided to Lucent during due diligence that Lucent conducted in November and December 2000.

There is currently a Motion For Summary Judgment (A.D.I. 210) filed by Lucent pending in the Bankruptcy Court.

The Bankruptcy Court has not determined whether this matter is a core or non-core proceeding.

**Parties' Contentions**

By its motion, Lucent seeks to withdraw the reference of the Adversary Proceeding from the Bankruptcy Court. Lucent contends that "cause" for permissive withdrawal exists for several reasons related to its alleged right to a jury trial in the district court.

First, Lucent contends that it is entitled to a trial by jury based on the Trustee's demand for a jury trial, which, pursuant to *Federal Rule of Civil Procedure 38*, may not be revoked without Lucent's consent.

Second, Lucent contends that it did not waive its right to a jury trial before the district court as to all claims when Lucent filed its proof of claim. Lucent contends that filing a proof of claim waives only the right [*4] to a jury trial in the district court as to claims that are necessarily part of the disallowance or allowance of the proof of claim. Lucent contends that Counts VII and X and Lucent's counterclaims are not necessary elements in the allowance or disallowance of Lucent's proofs of claim. Furthermore, Lucent contends that the district

court should hear the Trustee's claim for equitable subordination, not triable to a jury as of right, because it arises from the same facts, transactions, and issues raised by Counts VII and X.

Third, Lucent contends that it would be more efficient for the district court to decide the pending motion for summary judgment in this action because it reviews de novo any such ruling made by the Bankruptcy Court.

Finally, Lucent argues that, because the Court need not determine whether the remaining claims in this lawsuit are core or non-core, Local Bankruptcy Court Rule 5011-1 should be waived.

In response, the Trustee contends that Lucent waived any right to a jury trial when it filed proofs of claim against the estate. The Trustee specifically contends that by filing the claims, Lucent submitted itself to the Bankruptcy Court's equitable powers and conferred [*5] jurisdiction upon the Bankruptcy Court to consider its counterclaims as a core matter. The Trustee further contends that, should the Court determine the matter is non-core and that Lucent has a right to a jury trial, Lucent's motion should be denied because: 1) Lucent's jury demand was defective; 2) Lucent's demand to withdraw the reference is untimely; and 3) Lucent's motion to withdraw the reference is procedurally defective because Lucent has failed to move before the Bankruptcy Court for a core/non-core determination.

**Discussion**

**I. Legal Standard For Discretionary Withdrawal Of A Reference**

[HN1] Under *28 U.S.C. § 1334(b)*, district courts "have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." Pursuant to *28 U.S.C. § 157(a)*, each district court may refer cases under title 11 to the Bankruptcy Court for disposition. However, under *Section 157(d)*, the referred proceeding can be withdrawn from the Bankruptcy Court and returned to the district court. *Section 157(d)* provides for both mandatory withdrawal and discretionary withdrawal. In [*6] this case, Lucent seeks withdrawal only under the standards for discretionary withdrawal.

In providing for discretionary withdrawal, *Section 157(d)* states: [HN2] "The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." *28 U.S.C. § 157(d)*. This Court has acknowledged that [HN3] the requirement that cause be shown "creates a 'presumption that Congress intended to have bankruptcy proceedings adjudicated in bankruptcy court, unless rebutted by a contravening pol-

icy.'" *Hatzel & Buehler, Inc. V. Central Hudson Gas & Elec., 106 B.R. 367, 371 (D. Del. 1989)* (citations omitted).

[HN4] The Court of Appeals for the Third Circuit has set forth five factors that a district court should consider in determining whether "cause" exists for discretionary withdrawal. These factors include: 1) promoting uniformity in bankruptcy administration; 2) reducing forum shopping and confusion; 3) fostering economical use of debtor/creditor resources; 4) expediting the bankruptcy process; and 5) timing of the request for withdrawal. *In re Pruitt, 910 F.2d 1160, 1168 (3d Cir. 1990)* [*7] (citing *Holland Am. Ins. Co. v. Succession of Roy, 777 F.2d 992, 999 (5th Cir. 1985))*.

[HN5] Local Rules for the United States Bankruptcy Court for the District of Delaware state that the movant for withdrawal shall concurrently file with the Clerk a motion for a determination by the Bankruptcy Court with respect to whether the matter or proceeding is core or non-core. Bankr. D. Del. R. 5011-1.

## II. Lucent's Right To A Jury Trial

The sole reason for "cause" for permissive withdrawal that Lucent cites in its briefs is Lucent's right to a jury trial on Counts VII and X of the Trustee's Second Amended Complaint and on Lucent's counterclaims for fraud and negligent misrepresentation. The parties do not dispute that these issues may, by right, be triable by a jury.

### A. Count X, Preferential Payment Claim

Count X seeks to recover $ 194 million paid by Winstar to Lucent in December 2000. The Court finds that Lucent may have been entitled to a jury trial on the issue of preferential payment had it presented no claim in the bankruptcy proceeding and awaited a federal action by the Trustee. See *Schoenthal v. Irving Trust Co., 287 U.S. 92, 94-95, 77 L. Ed. 185, 53 S. Ct. 50 (1932).* [*8] However, [HN6] a creditor who submits a proof of claim against a bankruptcy estate has no right to a jury trial on issues raised in defense of such a claim. *Billing v. Ravin, Greenberg & Zackin, P.A., 22 F.3d 1242, 1250 (3d Cir. 1994)* (citing *Langenkamp v. Culp, 498 U.S. 42, 45, 112 L. Ed. 2d 343, 111 S. Ct. 330 (1990))*.

The Court finds that, in view of the holdings in Billing and Langenkamp, Lucent's filing proofs of claim triggered the process of allowance and disallowance of those claims, thereby subjecting Lucent to the equity power of the Bankruptcy Court. Thus, the Court finds that the Trustee's subsequent preference action is now part of the claims allowance process, and is triable only in equity. Id. For these reasons, the Court concludes that

there is no right to a jury trial on the issue of the alleged preferential transfer.

Lucent contends that Langenkamp is inapplicable in these circumstances because the Trustee made a jury demand and, pursuant to *Federal Rule of Civil Procedure 38*, cannot withdraw that jury demand without Lucent's consent. [HN7] *Rule 38(d)*, which states that a jury demand "may not be withdrawn without the consent of the parties," ensures that one [*9] party may rely on another's jury demand. *Fed. R. Civ. P. 38.* However, the Court finds that because Lucent waived its right to a jury trial as to the alleged preferential transfer, its consent to the Trustee's withdrawal of her jury trial demand is not required. See *Moore, Federal Practice 3d § 38.50*[10][d].

### B. Count VII, Subcontract Claim

In Count VII, the Trustee alleges that Lucent breached the subcontract between Lucent and Winstar Wireless, Inc. and/or breached a legally-binding course of conduct between Lucent and Winstar. Lucent contends that whether it is found to have breached an alleged obligation to lend additional money to Winstar has no bearing on Lucent's ability to recover on its proofs of claim. The Court is not persuaded by Lucent's argument that the determination of its proofs of claim does not depend on the outcome of the Trustee's Subcontract Claim. The Court finds that the Trustee's Subcontract Claim may affect the ordering of creditors or the equitable distribution of the res of the estate and, thus, is now part of the claims allowance process, triable only in equity. For this reason, the Court concludes that there is no right to a jury trial [*10] on the issue of the Subcontract Claim.

### C. Lucent's Counterclaims

Similarly, the Court is not persuaded that Lucent's Fraud and Negligent Misrepresentation Counterclaims will not affect the allowance or disallowance of Lucent's proofs of claim. The Court finds that Lucent's Fraud and Negligent Misrepresentation Counterclaims involve a decision regarding the distribution of the bankruptcy estate and, thus, are now part of the claims allowance process, triable only in equity. For this reason, the Court concludes that there is no right to a jury trial on the issue of the Fraud and Negligent Misrepresentation Counterclaims.

## III. In Re Pruitt Factors For Cause

Although Lucent has not addressed the standards for "cause" for a permissive withdrawal of a reference set forth in *In re Pruitt, 910 F.2d at 1168*, the Court does not find that the factors as a whole support the Court's with-

2004 U.S. Dist. LEXIS 25169, *

drawing the reference to the Bankruptcy Court for several reasons.

First, the Court finds that the timing of the request for withdrawal supports the proceeding remaining in Bankruptcy Court. The Adversary Proceeding has already been in Bankruptcy Court for over two years, [*11] and the Bankruptcy Court has overseen extensive discovery and pretrial matters, and has decided a motion to dismiss filed by Lucent.

Next, the Court finds that considerations of uniformity in bankruptcy administration support the proceeding being heard in the Bankruptcy Court. The preferential payment and equitable subordination claims are purely bankruptcy-related in nature and the resolution of these claims will affect the distribution to creditors within the proceeding.

Finally, the Court finds that maintaining the proceeding in Bankruptcy Court will diminish the risk of forum shopping and will lessen confusion by fostering consistent administration of the estate.

For these reasons, the Court concludes that the Pruitt factors do not support withdrawing the reference from the Bankruptcy Court.

## IV. Local Bankruptcy Rule 5011-1

The record does not show that Lucent has filed a motion for determination by the Bankruptcy Court as to whether the matter or proceeding is core or non-core.

Thus, the Court finds that Lucent did not follow Local Bankruptcy Court Rule 5011-1. For this additional reason, the Court will maintain the proceeding before the Bankruptcy Court. [*12]

### Conclusion

In sum, the Court concludes that discretionary withdrawal of the instant adversary proceeding is not warranted because: 1) Lucent has waived its right to a jury trial with regard to the claims at issue; 2) the factors set forth in *In re Pruitt* do not support a finding of cause; and 3) Lucent has not followed Local Bankruptcy Rule 5011-1. Accordingly, the Court will deny the Motion Of Defendant Lucent Technologies, Inc. To Withdraw The Reference To The Bankruptcy Court (D.I. 1).

An appropriate Order will be entered.

### ORDER

At Wilmington, this 16th day of November 2004, for the reasons set forth in the Memorandum Opinion issued this date,

IT IS HEREBY ORDERED that the Motion Of Defendant Lucent Technologies, Inc. To Withdraw The Reference To The Bankruptcy Court (D.I. 1) is **DENIED.**

JOSEPH J. FARNAN, JR.

UNITED STATES DISTRICT JUDGE

**EXHIBIT B**

LEXSEE 2006 U.S. DIST. LEXIS 50192

**EXDS, INC. (f/k/a EXODUS COMMUNICATIONS, INC.), et al., Debtor, EXDS, INC. (f/k/a EXODUS COMMUNICATIONS, INC.), Plaintiff, v. CB RICHARDS ELLIS, INC. (a/k/a CB COMMERCIAL REAL ESTATE GROUP, a/k/a INSIGNIA/ESG, INC., n/k/a CB RICHARD ELLIS REAL ESTATE SERVICES, INC.), HIGHGATE HOLDINGS, INC., Defendant.**

**Civil Action No. 06-400-KAJ**

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE**

*2006 U.S. Dist. LEXIS 50192*

**July 20, 2006, Decided**

**COUNSEL:** [*1] For EXDS Inc., formerly known as Exodus Communications Inc., Plaintiff: John M. Seaman, Bouchard, Margules & Friedlander, P.A., Wilmington, DE.

For CB Richard Ellis Inc., also known as CB Commercial Real Estate Group also known as Insignia/ESG Inc. also known as CB Richard Ellis Real Estate Services Inc, Defendant: Victoria Watson Counihan, Greenberg Traurig, LLP, Wilmington, DE.

**JUDGES:** Kent A. Jordan, UNITED STATES DISTRICT JUDGE.

**OPINION BY:** Kent A. Jordan

**OPINION:**

**MEMORANDUM ORDER**

**I. INTRODUCTION**

Before me is a Motion to Withdraw the Reference to the Bankruptcy Court filed by CB RICHARD ELLIS, INC. ("CBRE") (Docket Item ["D.I"] 1; the "Motion"). The EXDS estate ("EXDS") has not made an objection to Motion and takes the position that, because the demanded jury trial must ultimately be held in this Court, immediate withdrawal is appropriate. (D.I. 2 at 1.) Jurisdiction is appropriate under *28 U.S.C. § 1334(a)*. For the reasons that follow, CBRE's Motion to Withdraw the Reference to the Bankruptcy Court is denied at this time.

**II. BACKGROUND**

On or about September 26, 2001 the Debtor, EXDS, filed a petition for relief under *chapter 11* [*2] *of title 11 of the United States Code*. (D.I. 2 at 1.) The effective date of the joint plan of reorganization of the Debtor was June 19, 2002. (*Id* at 1.) On September 25, 2003, EXDS filed a complaint, based on breach of contract and state law causes of action, seeking recovery of a portion of a brokerage commission that CBRE earned upon an EXDS lease. (*Id* at 2.) EXDS, CBRE, and Highgate Holdings, Inc. each have demanded a jury trial. (*Id.*) The parties have been and continue to be engaged in discovery. (*Id.*) On January 20, 2006, EXDS filed its First Amended Complaint against CBRE and Highgate. (*Id.*) On March 15, 2006, CBRE filed the Motion at issue here. (D.I. 2 at 1.) In response, EXDS agrees that, because the demanded jury trial must ultimately be held in this Court, withdrawal is appropriate. (D.I. 3 at 2.)

**III. DISCUSSION**

A motion to withdraw the reference is a decision left to the discretion of the district court. "The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." *28 U.S.C. § 157*. This permissive standard [*3] allows the court to withdraw the reference, provided that the movant meets its burden of showing "cause" for the withdrawal. *NDEP Corp. v. Handl-It, Inc. (In re NDEP Corp.), 203 B.R. 905, 907 (D.Del. 1996)*. A showing of "cause" is the product of balancing several factors.

The assertion of a right to a jury trial is one factor used to determine whether "cause" exists. *Id. At 907-908*. However, "[a] Defendant's right to a jury trial ... will not be adversely affected by having the Bankruptcy court preside over pretrial matters until the case is ready to be tried in the District Court." *Wakefern Food Corp. v. C&S Wholesale Grocers, Inc. (In re Big V Holding Corp.), 2002 U.S. Dist. LEXIS 12609, No. 00-04372, 01-758, 01-233, 2002 WL 1482392, at *6 (D. Del. 2002)*. Other dis-

tricts in the Third Circuit have made similar findings. *See GE Capital Corp. v. Teo, 2001 U.S. Dist. LEXIS 22266, No. 01-CV-1686, 2001 WL 1715777, *5 (D.N.J. 2001)* ("There is no reason why the Bankruptcy Court may not preside over an adversary proceeding and adjudicate discovery disputes and motions only until such time as the case is ready for trial.").

The Third Circuit has stated that the following factors [*4] should be considered in determining if sufficient "cause" exists to order withdrawal: "the goals promoting uniformity in bankruptcy administration, reducing forum shopping and confusion, fostering the economical use of debtors' and creditors' resources, and expediting the bankruptcy process." *In re Pruit, 910 F.2d 1160, 1168 (3d Cir. 1990)*. The above factors are not exhaustive, however; they represent certain minimum standards. *NDEP Corp., 203 B.R. at 908*. Relevant considerations may also include judicial economy and whether the proceedings involve core or non-core issues. *Hatzel & Buehler inc. v. Orange & Rockland Utils., Inc., 107 B.R. 34, 39 (D. Del 1989)*. Judicial economy is an especially important consideration. *See Wakefern Food Corp., 2002 WL 1482392, at *4* (denying defendant's motion to withdraw the reference, in part because of the bankruptcy court's familiarity with the facts and legal issues of the case when it found there was no reason to disturb the present course of the proceedings and denied defendant's motion to withdraw); *GE Capital Corp., 2001 WL 1715777, at *5 [*5]* (ruling that removal of the proceedings pre-discovery was unwarranted and noting the bankruptcy court's familiarity with the facts of the case and the resources available to that court).

CBRE argues that the assertion of its right to a jury trial, coupled with the bankruptcy court's lack of authority under *28 U.S.C. § 157(e)* to conduct such a trial, requires withdrawal to the district court. (D.I. 2 at 8.) Although withdrawal would be proper at some future point, logic and the case law in this district, as noted, shows CBRE's right to a jury trial will not be affected by the Bankruptcy Court conducting the pretrial proceedings.

Although CBRE claims that judicial economy is best served by the immediate removal of the proceedings, the contrary is true. (*Id.* at 6.) CBRE's Motion can be better addressed if and when the case is ready to proceed at trail. The First Amended Complaint against CBRE was filed in the Bankruptcy Court six months ago. The original complaint dates back almost three years. As in *Wakefern* and *General Electric*, the Bankruptcy Court here has had significant time to familiarize itself with the underlying facts of this case and the [*6] parties' ongoing discovery. Further, the Bankruptcy Court has the necessary resources to preside over the initial stages of these proceedings in an efficient and effective manner. CBRE has not provided any persuasive reason why this case requires immediate removal to this court.

## V. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that the Motion is DENIED, without prejudice to CBRE's right to renew the Motion at the conclusion of pre-trial proceedings.

UNITED STATES DISTRICT JUDGE

Wilmington, Delaware
July, 20 2006

**EXHIBIT C**

Westlaw.

Not Reported in F.Supp.                                                                                      Page 1
Not Reported in F.Supp., 1997 WL 122838 (S.D.N.Y.)
**(Cite as: 1997 WL 122838 (S.D.N.Y.))**

C

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court,
S.D. New York.
Alyssa GIOIA GUCCI (a minor suing by her Next
Friend Stephen ARMSTRONG) and
Gabriele Paolo Gucci (a minor suing by his Next
Friend Stephen Armstrong) and
Penelope Jayne Armstrong, Plaintiffs,
v.
Jennifer Puddefoot GUCCI and Frank G. Sinatra, as
Trustee of Paolo Gucci et.
al, Defendants.
**No. 96 Civ. 8216 (JSR).**

March 17, 1997.

MEMORANDUM AND ORDER

RAKOFF, District Judge.

 *1 On December 6, 1996, the Court granted
defendants' motion to refer this action to the
Bankruptcy Court, in which the Honorable Judge
Jeffry H. Gallet was (and still is) presiding over a
related action concerning the Bankruptcy Estate of
Paolo Gucci. Thereafter, the plaintiffs, upon
informing Judge Gallet pursuant to 28 U.S.C. §
157(e) that they would not consent to a jury trial
before the Bankruptcy Court, moved this Court to
withdraw the reference. *See* 28 U.S.C. § 157(d).

 While there is no question that this case must return
to the District Court if and when there is a jury trial,
at the present infant stage of the proceeding the issue
of withdrawal is discretionary and turns largely on
considerations of judicial economy. *See In re Kenai
Corp.,* 136 B.R. 59, 61 (S.D.N.Y.1992). As this
Court explicitly held in its Memorandum Order
referring the case to Judge Gallet, "the interests of
judicial economy will well be served by having this
case before [the Bankruptcy] Court that already has
such extensive knowledge of the complex underlying
transactions and occurrences." *Gucci v. Gucci,* No.
96 Civ. 8216 (12/6/96 Memorandum Order).
Nothing in the intervening weeks has altered the

Court's view of that conclusion. While Judge
Gallet's oversight of the pre-trial preparations of this
case may eventually be subject in certain respects to
*de novo* review by this Court, the Court will benefit
from his intimate familiarity with the related
proceedings. *In re Kenai,* 136 B.R. at 61. *See also
In re Adelphi Institute. Inc.,* 112 B.R. 534, 539
(S.D.N.Y.1990).

 Accordingly, the Court, in its discretion, hereby
denies plaintiffs' motion to withdraw the reference,
without prejudice to the motion being renewed when
the case becomes trial ready.

 SO ORDERED.

 Not Reported in F.Supp., 1997 WL 122838
(S.D.N.Y.)

 **Motions, Pleadings and Filings (Back to top)**

• 7:96cv08216 (Docket) (Nov. 01, 1996)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

**EXHIBIT D**

LEXSEE 2001 U.S. DIST. LEXIS 22266

**GENERAL ELECTRIC CAPITAL CORPORATION, Plaintiff, v. ALFRED TEO, Defendant.**

**Civ. No. 01-CV-1686(WGB)**

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY**

*2001 U.S. Dist. LEXIS 22266*

**December 14, 2001, Decided**

**NOTICE:** [*1]  NOT FOR PUBLICATION

**DISPOSITION:** Defendant's motion to withdraw reference to the Bankruptcy Court dismissed without prejudice. Defendant leave to reinstate his motion at the conclusion of all pre-trial proceedings granted.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Defendant creditor moved to withdraw reference to the bankruptcy court of a tort action commenced against him by plaintiff, another creditor in debtor's bankruptcy.

**OVERVIEW:** The court found that based on the proof of claim defendant filed in the bankruptcy action, it appeared to the court that defendant was the single largest creditor of the debtor. If defendant's claims were subordinated there was a possibility that depending on how the matter adjudicated it could favorably effect the likelihood of recovery to the unsecured creditor class. In such a circumstance, the court had to conclude that the matter was related to the underlying bankruptcy proceeding, and that as a result the bankruptcy court had jurisdiction to hear it. Further, despite defendant's demand for a jury trial, the court concluded that the action was best left before the bankruptcy court, at least until all pre-trial matters had been resolved. Leaving the dispute before the bankruptcy court would promote uniformity in bankruptcy administration, reduce confusion, foster the economical use of the debtors' and creditors' resources, and most importantly expedite the bankruptcy process.

**OUTCOME:** Defendant's motion to withdraw reference to the bankruptcy court was dismissed without prejudice. Defendant was granted leave to reinstate his motion after the bankruptcy court had concluded all pre-trial proceedings, and after the bankruptcy court had made a determination of whether the proceeding was core or non-core.

**LexisNexis(R) Headnotes**

*Bankruptcy Law > Practice & Proceedings > Jurisdiction > Core Proceedings*
*Bankruptcy Law > Practice & Proceedings > Jurisdiction > Federal District Courts*
*Bankruptcy Law > Practice & Proceedings > Jurisdiction > Noncore Proceedings*
[HN1] When confronted with a bankruptcy dispute, a district court shall, pursuant to *28 U.S.C.S. § 157*(a), refer any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 to the bankruptcy judges for the district. In keeping with *28 U.S.C.S. § 157*(a), *28 U.S.C.S. § 157*(b)(1) provides that the merits of certain "core" bankruptcy matters may be heard and ruled on by the bankruptcy court. For other "non-core" matters that are related to bankruptcy proceedings but are not central to them, a bankruptcy judge may not enter judgment on the merits, but must instead enter proposed findings of fact and conclusions of law that are reviewed de novo by the district court. *28 U.S.C.S. § 157*(c)(1).

*Bankruptcy Law > Practice & Proceedings > Jurisdiction > Federal District Courts*
[HN2] A district court may withdraw, in whole or in part, any case or proceeding referred under *28 U.S.C.S. § 157* on its own motion or on timely motion of any party, for cause shown. *28 U.S.C.S. § 157*(d).

*Bankruptcy Law > Practice & Proceedings > Jurisdiction > Federal District Courts*
*Civil Procedure > Jurisdiction > Subject Matter Jurisdiction > Jurisdiction Over Actions > General Overview*

[HN3] For subject matter jurisdiction to exist before a bankruptcy court, there must exist some nexus between a "related" civil proceeding and the title 11 bankruptcy case. The usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy.

**Bankruptcy Law > Practice & Proceedings > Adversary Proceedings > General Overview**
[HN4] In guiding those district courts that have been asked to rule on motions to withdraw reference, the United States Court of Appeals for the Third Circuit has opined that the district court should consider the goals of promoting uniformity in bankruptcy administration, reducing forum shopping and confusion, fostering the economical use of the debtors' and creditors' resources, and expediting the bankruptcy process.

**Bankruptcy Law > Practice & Proceedings > Adversary Proceedings > General Overview**
**Bankruptcy Law > Practice & Proceedings > Jurisdiction > Core Proceedings**
**Bankruptcy Law > Practice & Proceedings > Jurisdiction > Noncore Proceedings**
[HN5] Proceedings should not be withdrawn for the sole reason that they are non-core. Instead, the cause shown requirement in *28 U.S.C.S. § 157*(d) creates a presumption that Congress intended to have bankruptcy proceedings adjudicated in bankruptcy court unless rebutted by a contravening policy.

**Bankruptcy Law > Practice & Proceedings > Jurisdiction > Core Proceedings**
**Bankruptcy Law > Practice & Proceedings > Jurisdiction > Noncore Proceedings**
**Bankruptcy Law > Practice & Proceedings > Jury Trials**
[HN6] The United States Court of Appeals for the Third Circuit has clearly prohibited bankruptcy jury trials in non-core proceedings.

**Bankruptcy Law > Practice & Proceedings > Adversary Proceedings > General Overview**
**Bankruptcy Law > Practice & Proceedings > Jury Trials**
**Civil Procedure > Trials > Jury Trials > Right to Jury Trial**
[HN7] Even though decisions in this district have held that a defendant's showing that it is entitled to a jury trial

which it would be unable to receive in a bankruptcy court is enough to establish cause requiring withdrawal of reference, the mere fact that a defendant has asserted a right to trial by jury is not sufficient to immediately justify withdrawal of an action from bankruptcy.

**Bankruptcy Law > Practice & Proceedings > Jurisdiction > Core Proceedings**
**Bankruptcy Law > Practice & Proceedings > Jurisdiction > Noncore Proceedings**
**Civil Procedure > Trials > Jury Trials > Right to Jury Trial**
[HN8] If a case is non-core and a jury demand has been filed, a district court might find that the inability of the bankruptcy court to hold the trial constitutes cause to withdraw the reference. However, a district court also might decide that a case is unlikely to reach trial, that it will require protracted discovery and court oversight before trial, or that the jury demand is without merit, and therefore might conclude that the case at that time is best left in the bankruptcy court.

**Bankruptcy Law > Practice & Proceedings > Adversary Proceedings > General Overview**
**Bankruptcy Law > Practice & Proceedings > Jury Trials**
**Civil Procedure > Trials > Jury Trials > Right to Jury Trial**
[HN9] Even when a district court must ultimately preside over a trial by jury, there is no reason why the bankruptcy court may not preside over an adversary proceeding and adjudicate discovery disputes and motions only until such time as the case is ready for trial.

**COUNSEL:** Edward T. Dartley, Esq., John K. Sherwood, Esq., LOWENSTEIN SANDLER PC, Roseland, New Jersey, for Plaintiff.

Kurt W. Hansson, Esq., Leslie A. Plaskon, Esq., Adrienne B. Alexander, Esq., PAUL, HASTINGS, JANOFSKY & WALKER LLP, Stamford, Connecticut, for Plaintiff.

Peter R. Bray, Esq., BRAY CHIOCCA ROTHSTADT & MILLER, L.L.C., Parsippany, New Jersey, for Defendant.

**JUDGES:** WILLIAM G. BASSLER, U.S.D.J.

**OPINION BY:** WILLIAM G. BASSLER

**OPINION:** BASSLER, DISTRICT JUDGE:

Defendant Alfred Teo moves the Court to withdraw reference to the Bankruptcy Court of a tort action commenced against him by Plaintiff General Electric Capital Corporation ("GECC"). Given the common pre-trial issues that predominate this action and approximately 12 creditor preference proceedings currently pending before the Bankruptcy Court, the Court will **dismiss** Defendant's motion to withdraw reference **without prejudice** at this time. Defendant is **granted** leave to reinstate his motion after [*2] the Bankruptcy Court has concluded all pre-trial proceedings, and after the Bankruptcy Court has made a determination of whether the proceeding instituted by GECC against Defendant is core or non-core.

## I. BACKGROUND

Zeta Consumer Products Corp. ("Zeta" or "Debtor") was in the business of manufacturing consumer and industrial plastic trash bags, cups, plates, and plastic housewares, at facilities throughout the United States. (Complaint P 3). In the ordinary course of its business, Zeta would purchase and utilize certain raw materials, commonly referred to as Resins, in its manufacturing process. (Id.)

On April 25, 2000, Zeta filed for relief under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the District of New Jersey. n1 Plaintiff GECC is a secured creditor in Zeta's bankruptcy action. GECC's claims against Zeta stem from revolving credit loans made to Zeta under a Loan and Security Agreement executed on May 8, 1998. (Complaint P 8). As of April, 2000, Zeta allegedly owed GECC approximately $ 16.5 million under the Loan Agreement. (Complaint P 10).

---

n1 Case No. 00-34148 (NLW). That matter is currently pending before the Hon. Novalyn L. Winfield, United States Bankruptcy Judge.

---

[*3]

The Loan from GECC to Zeta was secured in part by collateral that included "all of [Zeta's] personal property and assets, whether tangible or intangible, and whether now owned or hereafter acquired, or in which it now has or at any time in the future may acquire any right, title, or interest..." (Complaint P 12). This personal property included Zeta's Resin stockpiles, located at its facilities around the country. (Complaint PP 13, 17).

At the time Zeta became insolvent and sought bankruptcy protection, Defendant Alfred Teo was Co-Chief Executive Officer, Secretary, and a director of Zeta. (Complaint P 3). Defendant Teo is also an officer of Alpha Industries, Inc. ("Alpha"), and allegedly an officer of

other companies, all of whom manufacture consumer and industrial plastic. (Complaint P 4). Allegedly, these other companies acquire Resin from the same vendors who had supplied Resin to Zeta. (Id.)

Plaintiff contends that in April, 2000 Defendant Teo, knowing of Zeta's dire financial circumstances, directed the Resin vendors to reclaim the stockpiles of Resin that they had supplied to Zeta, "for the purpose, upon information and belief, of satisfying outstanding accounts with [*4] those vendors, to the frustration of GE Capital's security interest in those Resins. Upon information and belief, Defendant Teo directed the removal and/or return of such resins in order to maintain amicable business relationships with such vendors in furtherance of Teo's personal financial interests and for the benefit of Teo's other business ventures, including, but not limited to, Alpha." (Complaint PP 17-19). Plaintiff alleges that Defendant Teo engaged in the Resin transfers despite express language in the Loan and Security Agreement that required GECC's written consent before the liquidation of any assets. (Complaint P 14). The transferred Resins were allegedly valued at approximately $ 2.6 million. (Complaint P 22).

After Debtor Zeta sought Chapter 11 protection, because of Teo's allegedly improper Resin transfers Plaintiff GECC commenced this adversary proceeding in the United States Bankruptcy Court for the District of New Jersey on February 28, 2001. n2 In its Adversary Complaint, GECC brought claims against Teo for Conversion, Breach of Fiduciary Duty, Tortious Interference with Contract, Tortious Interference with Prospective Economic Advantage, and Negligently Caused [*5] Economic Loss.

---

n2 Plaintiff contends that jurisdiction is proper before the Bankruptcy Court pursuant to *28 U.S.C. § 1334(b)* and *28 U.S.C. § 157(c)*. For reasons that will be subsequently detailed, the Court agrees.

---

According to Plaintiff, Defendant Teo's Resin transfers have been actively litigated in the bankruptcy case since its commencement in April, 2000. In addition to the Resin transfers allegedly having resulted in a reservation of rights as to recovery of collateral in a final order authorizing debtor-in-possession financing by GECC (Order attached as Ex. E to Dartley Decl.), Plaintiff contends that Teo's diversion of the Resins has prompted the Debtor to commence twelve adversary proceedings in the Bankruptcy Court against various vendors of the Resin, seeking recovery of preferences and/or fraudulent transfers. Discovery in at least eleven of these preference actions is still on-going.

In response to GECC's Adversary Complaint, on April 4, 2001 Defendant [*6] Teo filed an Answer and Affirmative Defenses with the Bankruptcy Court. Simultaneously, he asked the Bankruptcy Court to abstain from hearing the matter, and asked this Court to withdraw reference of the matter from the Bankruptcy Court. In his Answer, Defendant Teo expressly reserved the right to file a separate suit against Plaintiff or to file a counterclaim after his application for abstention or withdrawal of reference had been ruled on.

By letter, the parties asked this Court to delay consideration of the motion to withdraw reference until after the bankruptcy court had the opportunity to rule on Defendant's motion for abstention. At a hearing on June 4, 2001, Judge Winfield denied Defendant's request for abstention. (Transcript of June 4, 2001 Hearing attached as Ex. A to Plaintiff's Opposition to Withdrawal of Reference.) After affirmatively declining to express an opinion on whether the reference of this matter ought to be withdrawn, (6/4/2001 Tr. 17:12-13), Judge Winfield found that there were no factors present that might support abstention.

After Judge Winfield's ruling, upon request this Court allowed the parties an additional period of time for briefing of the withdrawal [*7] of reference issue. The matter is now before the Court for decision.

## II. DISCUSSION

[HN1] When confronted with a bankruptcy dispute, a district court shall, pursuant to *28 U.S.C. § 157(a)*, refer "any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 . . . to the bankruptcy judges for the district." In keeping with § 157(a), *28 U.S.C. § 157(b)(1)* provides that the merits of certain "core" bankruptcy matters may be heard and ruled on by the bankruptcy court. For other "non-core" matters that are related to bankruptcy proceedings but are not central to them, a bankruptcy judge may not enter judgment on the merits, but must instead enter proposed findings of fact and conclusions of law that are reviewed *de novo* by the District Court. *28 U.S.C. § 157(c)(1)*.

[HN2] A district court "may withdraw, in whole or in part, any case or proceeding referred under [§ 157] on its own motion or on timely motion of any party, for cause shown." *28 U.S.C. § 157(d)*. Pursuant to § 157(d), Defendant has asked the Court to withdraw reference [*8] of Plaintiff's action, so that the matter may be tried before a jury in this Court.

In his reply papers, Defendant Teo argues for the first time that the Bankruptcy Court lacks subject matter jurisdiction over this proceeding, and that as a result the Court should withdraw reference. n3 The Court can dispose of this argument in short order. [HN3] For subject matter jurisdiction to exist before a Bankruptcy Court, there must exist some nexus between a "related" civil proceeding and the title 11 bankruptcy case. *Pacor, Inc. v. Higgins, 743 F.2d 984, 994 (3d Cir. 1994)*, overruled on other grounds by *Things Remembered, Inc. v. Petrarca, 516 U.S. 124, 134-35, 133 L. Ed. 2d 461, 116 S. Ct. 494 (1995)*. "The usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy." Id.

n3 It is uncontested that this Court would have diversity jurisdiction over Plaintiff's action pursuant to *28 U.S.C. § 1332*, as the parties are citizens of different states and the amount in controversy exceeds $ 75,000.

[*9]

In determining whether this proceeding is related to Zeta's bankruptcy, the Court finds several statements that were made before Judge Winfield to be of assistance. When setting the stage for why this dispute impacts Zeta's bankruptcy, Plaintiff's counsel stated that, "should G.E. succeed in this action, we believe the Committee would have grounds for equitably subordinating [Teo's] claim and possibly re-ordering the priorities in the claim distribution scheme." (6/4/2001 Tr. 10:9-12). Plaintiff's counsel reached this conclusion because GECC "is basically suing Mr. Tao [sic] for diverting property of the estate which also happens to be GE's collateral. I don't know how much more related you can get to this case especially when you've got twelve pending resin actions." (6/4/2001 Tr. 16:14-18).

The Court agrees entirely with Plaintiff's reasoning. Based on the proof of claim Teo filed in the bankruptcy action, it appears to the Court that Defendant is the single largest creditor of Zeta. As Judge Winfield noted at the hearing, if Teo's claims were subordinated "there is a possibility that depending on how this matter adjudicates it could favorably effect the likelihood of recovery [*10] to the unsecured creditor class." (6/4/2001 Tr. 20:2-4). In such a circumstance, the Court must conclude that this matter is related to the underlying bankruptcy proceeding, and that as a result the Bankruptcy Court has jurisdiction to hear it. Cf. *In re Trans-end Technology, Inc.,1998 Bankr. LEXIS 857, 1998 WL 404184* (Bankr.N.D.Ohio May 28, 1998)(failing to find jurisdiction over a third party adversary proceeding, but holding that it was "not a situation involving a third party action brought by a creditor against officers or shareholders of the Debtor which would impact the administration of the

2001 U.S. Dist. LEXIS 22266, *

Debtor's Bankruptcy Estate"), citing *Travelers Ins. Co. v. Goldberg, 135 B.R. 788 (D.Md. 1992)*(creditor's actions against former general partners of debtor's general partner were related to the bankruptcy case where the resulting judgment would likely impact the estate's liability to remaining creditors); *In re Pal Nissan, Inc., 126 B.R. 966 (Bankr.N.D.Mich. 1991)*(holding that creditor's conversion claims asserted against non-debtor shareholders of corporate debtor constituted a non-core "related" proceeding).

Having concluded that the Bankruptcy Court could [*11] hear this matter, the Court must next determine whether the Bankruptcy Court should hear this matter. [HN4] In guiding those district courts that have been asked to rule on motions to withdraw reference, the Third Circuit has opined that:

> the district court should consider the goals of promoting uniformity in bankruptcy administration, reducing forum shopping and confusion, fostering the economical use of the debtors' and creditors' resources, and expediting the bankruptcy process.

*In re Pruitt, 910 F.2d 1160, 1168 (3d Cir. 1990)*, quoting *Holland America Ins. Co. v. Succession of Roy, 777 F.2d 992, 999 (5th Cir. 1985)*. In his initial moving papers, the only factors that Teo advanced to support withdrawing the reference of this matter were that the action commenced by GECC is a non-core proceeding, and that his right to a trial by jury would be violated if the matter were not withdrawn from the Bankruptcy Court.

Assuming for purposes of argument that GECC's action is a non-core proceeding, the Court is mindful that [HN5] "proceedings should not be withdrawn for the sole reason that they are non-core." *Katzev v. Dunavant, 1997 U.S. Dist. LEXIS 18518, 1997 WL 786461, [*12] *5 (E.D. Pa. 1997)*, quoting *Hatzel & Buehler, Inc. v. Central Hudson Gas & Elec. Corp., 106 B.R. 367, 371 (D.Del. 1989)*. Instead, "the 'cause shown' requirement in section 157(d) creates a 'presumption that Congress intended to have bankruptcy proceedings adjudicated in bankruptcy court unless rebutted by a contravening policy.'" Id. (internal citations omitted); see also *Valley Forge Plaza Assoc. v. Fireman's Fund Ins. Cos., 107 B.R. 514, 518 (E.D. Pa. 1989)*.

The only argument relied on by Defendant that rises to the level of a "contravening policy" is that failure to withdraw the reference of this matter would violate his

Seventh Amendment right to a jury trial. The Third Circuit noted in *Beard v. Braunstein* that :

> The Seventh Amendment limitations on the review of jury findings are not compatible with section 157(c)(1), which requires that any contested finding by the bankruptcy court must be reviewed *de novo*. By the Seventh Amendment, any fact found by a jury cannot be reviewed *de novo*. Accordingly, a bankruptcy court cannot conduct a jury trial in a non-core proceeding.

*914 F.2d 434, 443 (3d Cir. 1990)*. [*13] Given [HN6] the Third Circuit's clear prohibition on bankruptcy jury trials in non-core proceedings, assuming without deciding that Defendant has a valid right to a jury trial, Defendant's right would be violated if this Court declined to withdraw the matter, and if the matter were ultimately decided by the Bankruptcy Court on its merits without a jury.

[HN7] Even though decisions in this district have held that a defendant's "showing that it is entitled to a jury trial which it would be unable to receive in a bankruptcy court . . . is enough to establish 'cause' requiring withdrawal of reference," *In re System Freight, Inc., 1991 U.S. Dist. LEXIS 2674, 1991 WL 33150, *4 (D.N.J. March 6, 1991)*, the mere fact that a Defendant has asserted a right to trial by jury is not sufficient to immediately justify withdrawal of an action from bankruptcy. The Second Circuit has suggested that:

> [HN8]
> If a case is non-core and a jury demand has been filed, a district court might find that the inability of the bankruptcy court to hold the trial constitutes cause to withdraw the reference. However, a district court also might decide that a case is unlikely to reach trial, that it will require protracted discovery [*14] and court oversight before trial, or that the jury demand is without merit, and therefore might conclude that the case at that time is best left in the bankruptcy court.

*In re Orion Pictures Corp., 4 F.3d 1095, 1101-02 (2d Cir. 1993)*. In keeping with this suggestion, courts in this district and elsewhere have held that [HN9] even when a district court must ultimately preside over a trial by jury,

there is no reason why the Bankruptcy Court may not "preside over [an] adversary proceeding and adjudicate discovery disputes and motions only until such time as the case is ready for trial." *In re Lands End Leasing, Inc., 193 B.R. 426, 436 (Bankr.D.N.J. 1996)*, citing *In re Keene Corp, 182 B.R. 379, 385 (S.D.N.Y. 1995)*(denying on ripeness grounds motion to withdraw the reference, reasoning that while an adversary proceeding carrying the right to a jury trial is in its initial stages, the bankruptcy judge "is fully equipped with the tools to proceed with [the] matter" until such time as the issues are ripe for submission to the jury), and *Hayes v. Royala, Inc., 180 B.R. 476, 477 (E.D.Tex. 1995)*(explaining that the inability [*15] of a bankruptcy judge to preside over a jury trial absent the parties' consent does not require withdrawal of the reference to the bankruptcy court until it is clear that the issues are ready for consideration by a jury).

Despite Defendant's demand for a jury trial, the Court concludes that GECC's action is best left before the Bankruptcy Court, at least until all pre-trial matters have been resolved. The Court reaches this conclusion because consideration of the Pruitt factors demonstrates that leaving the dispute before the Bankruptcy Court would promote uniformity in bankruptcy administration, reduce confusion, foster the economical use of the debtors' and creditors' resources, and most importantly expedite the bankruptcy process. Judge Winfield's own words provide evidence of this:

> I think also I would point out that I think this Court from a -- I guess I would characterize it as a judicial economy point of view has probably the most familiarity with all of the proceedings in this case in addition to the preference suits and you can characterize them as you wish, but I mean the bottom line much of the factual basis is the same both for this suit and the preference [*16] suits. It's just the legal theories are different. Those are all known to the Court. I've already entered some scheduling orders in those. That issue has been present in the case for at least the last -- I don't know -- four to six months area. It's an area of great familiarity to the Court. I don't think it would be burdensome on this Court's docket to hear this related matter and recollect that this Court is obviously familiar with the bankruptcy proceeding in its entirety.

> I also think there is a possibility that depending upon how this matter adjudi-

cates it could favorably effect the likelihood of a recovery to the unsecured creditor class.

(6/4/2001 Tr. 19:12-20:4).

Because there is substantial factual overlap between this dispute and the twelve vendor preference suits currently pending in the Bankruptcy Court, resources would be conserved by engaging in coordinated discovery. Further, because this dispute has the potential to seriously impact the underlying bankruptcy proceedings, any orders issued in this dispute should be consistent with the orders entered by the Bankruptcy Court in the preference suits. Also, because final resolution of the merits of this suit might [*17] necessitate a reordering of the creditor priorities in the bankruptcy action, the Bankruptcy Court would be in a better position to shepard this dispute along, so that trial of this dispute can occur prior to final resolution of the bankruptcy proceeding. Lastly, because there exists the prospect that this dispute will be resolved prior to trial, Defendant's argument regarding his right to a trial by jury might eventually be mooted, thus defeating the sole argument asserted by Defendant in favor of withdrawal. Given all of these factors, and for other good cause shown by Plaintiff, the Court will deny Defendant's motion without prejudice, until such time as a jury trial becomes necessary.

Because the Court has essentially elected to put off final decision on withdrawal until another day, the question of whether this is a core or non-core dispute need not be resolved at present. The determination of whether the action against Teo is a core proceeding or a non-core proceeding will ultimately have to be resolved, however, because if the matter is a core proceeding then even if Teo's right to a jury trial persists, the Bankruptcy Court would be able to conduct a jury trial on the merits. [*18]

Although Plaintiff essentially conceded in its complaint that this proceeding is non-core, as mandated by *28 U.S.C. § 157(b)(3)* a determination should initially be made by the Bankruptcy Court. n4 See Richard M. Cieri, Neil P. Olack, Joseph M. Witalec, Protecting Technology and Intellectual Property Rights When a Debtor Infringes on Those Rights, *8 Am. Bankr. Inst. L. Rev. 349, 371 (2000)* ("Although the district court must decide the motion to withdraw the reference under *28 U.S.C. § 157(d)*, the issue of whether the proceeding is core or non-core is determined in the first instance by the bankruptcy court. Accordingly, if a party seeks withdrawal of the reference on the basis that a proceeding is non-core, the district court may defer its determination of the withdrawal motion until the bankruptcy court first determines if the underlying action is core or non-core"); See also *Travellers International v. Robinson, 982 F.2d 96, 97-98 (3d*

*Cir. 1992); Dailey v. First Peoples Bank of Jersey, 76 B.R. 963, 968-969 (D.N.J. 1987); Hatzel & Buehler, Inc. v. Central Hudson Gas & Electric Corp., 106 B.R. 367, 368 (D. Del. 1989);* [*19] *Mellon v. Delaware & Hudson Railway Co., 122 B.R. 887, 891 (D. Del. 1991); Young v. Snider, 1994 U.S. Dist. LEXIS 2901 (E.D.Pa. 1994).*

N4 *28 U.S.C. § 157(b)(3)* provides in relevant part:

> The bankruptcy judge shall determine, on the judge's own motion or on timely motion of a party, whether a proceeding is a core proceeding under this subsection or is a proceeding that is otherwise related to a case under title 11.

Neither party asked the Bankruptcy Court to determine whether the suit commenced by Plaintiff is a core proceeding, although Plaintiff did suggest in its opposition brief to Defendant's withdrawal motion that the proceeding might be a core matter. After recognizing Plaintiff's suggestion that this might be a core dispute, the Bankruptcy Judge specifically declined to reach the issue, but did hint that the matter was likely not a core proceeding. n5

> n5 Judge Winfield had this to say at the hearing on June 4, 2001:
>
> > It is my view as it sits here - as I said to counsel at the outset, I thought I would have a hard time keeping a straight face finding it to be a core proceeding but I didn't want to preclude them from arguing to the contrary and I don't know that we argued that issue.
>
> (6/4/2001 Tr. 22:5-9).

[*20]

Judge Winfield's comments aside, if Defendant intends to re-submit his motion to withdraw reference prior to a jury trial, the Court would ask the Bankruptcy Court to first make a determination of whether the action commenced by Plaintiff is a core or non-core proceeding.

This ruling will greatly speed the Court's eventual analysis of whether withdrawal for a final trial on the merits is ultimately warranted.

As a final matter, the Court will touch upon the question of whether Defendant will waive his right to a jury trial by filing a counterclaim against Plaintiff in the Bankruptcy Court. Some courts have suggested that a Defendant who objects to the Bankruptcy Court's jurisdiction in an adversary proceeding waives that objection by filing a counterclaim before the Bankruptcy Court. That result seems to be of concern to Defendant Teo, because he has elected to await this Court's ruling on the withdrawal issue prior to filing a counterclaim with the Bankruptcy Court.

Defendant Teo may rest assured that the Third Circuit embraced a rule that protects his jurisdictional objections when it held that a "defendant does not waive objections to jurisdiction and venue by asserting a compulsory [*21] counterclaim." *Beard v. Braunstein, 914 F.2d 434, 442 (3d Cir. 1990).* Accordingly, even if Defendant Teo files a counterclaim with the Bankruptcy Court, he can still object to the Bankruptcy Court's jurisdiction over the merits of his claim, and seek withdrawal prior to trial so that this Court may try the matter before a jury.

That having been said, Defendant's objections to the Bankruptcy Court's jurisdiction might not be preserved forever. Plaintiff contends that because Defendant filed a proof of claim in the Zeta bankruptcy, he has submitted himself to the jurisdiction of the Bankruptcy Court and therefore has waived his right to a jury trial. Although the Court does not embrace such an expansive jurisdictional impact of the filing of a proof of claim, the Court notes that Defendant's proof of claim still may come to haunt him. If the Bankruptcy Trustee should join into Plaintiff's action against Defendant, Defendant's right to a jury trial would likely be waived. The Court reaches this conclusion because of Supreme Court precedent to the effect that when a creditor submits a proof of claim against the estate, that creditor submits itself to the jurisdiction [*22] of the bankruptcy court as to disputes against the estate. See *In re Robert H. Kraeger Co., 1999 Bankr. LEXIS 615, 1999 WL 342762,* *6 (Bankr.E.D.Pa. May 24, 1999), citing *Langenkamp v. Culp, 498 U.S. 42, 112 L. Ed. 2d 343, 111 S. Ct. 330 (1990)(per curiam)* and *Granfinanciera, S.A. v. Nordberg, 492 U.S. 33, 106 L. Ed. 2d 26, 109 S. Ct. 2782 (1989).* Although the Court is unaware of any decision expanding the Langenkamp and Granfinanciera decisions to actions commenced in Bankruptcy Court against a creditor by a third party, the Court would welcome additional briefing on the issue should Defendant eventually elect to re-file his motion for withdrawal of reference.

III. CONCLUSION

2001 U.S. Dist. LEXIS 22266, *

Defendant's motion to withdraw reference to the Bankruptcy Court is dismissed without prejudice. The Court grants Defendant leave to reinstate his motion at the conclusion of all pre-trial proceedings, and after the Bankruptcy Court has had an opportunity to make an initial determination as to whether GECC's action is a core or non-core proceeding.

An appropriate order follows.

WILLIAM G. BASSLER, U.S.D.J.

Dated: [*23] December 14, 2001

**EXHIBIT E**

1 of 100 DOCUMENTS

**In re: BIG V HOLDING CORP., et al., Debtors. WAKEFERN FOOD CORP., Plaintiff, v. C&S WHOLESALE GROCERS, INC., Defendant.**

**Chapter 11, Case No. 00-04372 (RTL), (Jointly Administered), Adversary Proceeding No. 01-758, Civil Action No. 01-233 (GMS)**

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE**

*2002 U.S. Dist. LEXIS 12609*

**July 11, 2002, Decided**

**DISPOSITION:** Plaintiff's motion to withdraw reference to bankruptcy was denied.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Plaintiff food cooperative's action against defendant competitor, for tortious interference with the cooperative's contract with the debtor, was removed to the United States Bankruptcy Court for the District of New Jersey and transferred to the United States Bankruptcy Court for the District of Delaware. The cooperative filed a motion to withdraw the reference of the action under *28 U.S.C.S. § 157*(d). The intervenor creditors' committee objected.

**OVERVIEW:** The action was intertwined with other matters before the bankruptcy court, who had stated that the action should be adjudicated together with other related actions. *11 U.S.C.S. § 1109*(b) gave the committee an unconditional right to intervene in the non-core adversary which was "related to" the bankruptcy case. The complaint, seeking an injunction against the debtors' contract with the competitor, affected the estate and reorganization. Promoting uniform bankruptcy administration, reducing forum shopping, fostering the economical use of the debtors' and creditors' resources, and expediting the bankruptcy process, were best served by denying withdrawal under *28 U.S.C.S. § 157*(d). The bankruptcy court had already made findings as to what would constitute a breach of good faith and fair dealing under the cooperative's contract. While the cooperative intended to formally demand a jury trial, it had not done so. Filing an amended complaint could constitute waiver of the Seventh Amendment right to a jury. A jury trial, if properly asserted, would not be adversely affected by having the bankruptcy court preside over pretrial matters until the case was ready for a district court trial.

**OUTCOME:** The court denied the motion to withdraw the reference, but did so without prejudice to the cooperative's ability to renew its request for withdrawal of the reference at a later time, when a jury trial had been properly demanded and the case became ready for trial.

**LexisNexis(R) Headnotes**

*Bankruptcy Law > Practice & Proceedings > Jurisdiction > General Overview*
[HN1] Referral of Bankruptcy Code proceedings from the United States District Court for the District of Delaware to the United States Bankruptcy Court for the District of Delaware is automatic pursuant to U.S. Dist. Ct., D. Del., Standing Order of Reference (1984).

*Civil Procedure > Parties > Intervention > Right to Intervene*
[HN2] *Fed. R. Civ. P. 24(a)(1)* provides that upon timely application anyone shall be permitted to intervene in an action when a statute of the United States confers an unconditional right to intervene.

*Bankruptcy Law > Case Administration > General Overview*
*Bankruptcy Law > Committees > Reorganizations*
[HN3] See *11 U.S.C.S. § 1109*(b).

*Bankruptcy Law > Practice & Proceedings > Jurisdiction > Core Proceedings*
*Bankruptcy Law > Practice & Proceedings > Jurisdiction > Noncore Proceedings*
*Civil Procedure > Parties > Intervention > Right to Intervene*

[HN4] Although the circuits are split on whether *11 U.S.C.S. § 1109*(b) confers an unconditional right to intervene, the United States Court of Appeals for the Third Circuit has taken a clear position on the issue. Section 1109(b) gives a creditors' committee an unconditional right to intervene in a non-core adversarial proceeding in federal district court which is "related to" a bankruptcy case.

*Bankruptcy Law > Practice & Proceedings > Jurisdiction > General Overview*
[HN5] A civil proceeding is "related to" bankruptcy when the outcome of that proceeding could conceivably have any effect on the estate being administered.

*Bankruptcy Law > Practice & Proceedings > Jurisdiction > General Overview*
*Civil Procedure > Removal > Basis > Claims Related to Bankruptcy*
[HN6] *28 U.S.C.S. § 1452*(a) allows a party to remove a cause of action that is "related to" a bankruptcy case.

*Bankruptcy Law > Practice & Proceedings > Jurisdiction > Federal District Courts*
*Civil Procedure > Removal > Basis > General Overview*
[HN7] *28 U.S.C.S. § 157*(a) mandates that proceedings "related to" a case under the Bankruptcy Code shall be referred to the bankruptcy judges for the district.

*Bankruptcy Law > Practice & Proceedings > Adversary Proceedings > Commencement*
*Civil Procedure > Parties > Intervention > General Overview*
[HN8] *Fed. R. Bankr. P. 7024*, the sole bankruptcy rule governing intervention in an adversary proceeding, merely adopts *Fed. R. Civ. P. 24*.

*Bankruptcy Law > Practice & Proceedings > Jurisdiction > Federal District Courts*
[HN9] The procedure governing withdrawal of the reference to the bankruptcy court is stated in *28 U.S.C.S. § 157*(d).

*Bankruptcy Law > Practice & Proceedings > Jurisdiction > Federal District Courts*
*Civil Procedure > Pleading & Practice > Motion Practice > Time Limitations*
[HN10] See *28 U.S.C.S. § 157*(d).

*Bankruptcy Law > Practice & Proceedings > Jurisdiction > Federal District Courts*
[HN11] The first sentence of *28 U.S.C.S. § 157*(d) describes the conditions under which withdrawal is permissive, while the second sentence describes the conditions under which withdrawal is mandatory. When an action involves only state law tort and contract claims, it clearly does not meet the requirements for mandatory withdrawal. Therefore, the permissive withdrawal standard applies. Under this standard, the court may withdraw the reference of the adversary proceeding "for cause shown."

*Bankruptcy Law > Practice & Proceedings > Jurisdiction > General Overview*
[HN12] The movant bears the burden to show cause under *28 U.S.C.S. § 157*(d).

*Bankruptcy Law > Practice & Proceedings > Jurisdiction > Core Proceedings*
*Bankruptcy Law > Practice & Proceedings > Jurisdiction > Noncore Proceedings*
*Civil Procedure > Trials > Jury Trials > Right to Jury Trial*
[HN13] In determining whether to withdraw the reference of an adversary proceeding "for cause shown" under *28 U.S.C.S. § 157*(d), a court should consider: (1) the goals of promoting uniformity in bankruptcy administration, (2) reducing forum shopping and confusion, (3) fostering the economical use of the debtors' and creditors' resources, and (4) expediting the bankruptcy process. However, these factors were not designed to be exhaustive; they are only minimal standards. Relevant considerations might also include (5) the nature of the proceedings (that is, whether they are core or non-core), and (6) judicial economy. Another factor which should be considered is (7) whether the parties have requested a jury trial.

*Bankruptcy Law > Practice & Proceedings > Jurisdiction > Core Proceedings*
*Bankruptcy Law > Practice & Proceedings > Jurisdiction > Noncore Proceedings*
*Governments > Courts > Authority to Adjudicate*
[HN14] There are strictures upon the Bankruptcy Court's authority to hear and determine non-core proceedings that do not apply in the instance of core proceedings. *28 U.S.C.S. § 157*(b)(1).Thus, a determination of whether an adversary action is a core or non-core proceeding is crucial to the determination of a motion to withdraw the reference under *28 U.S.C.S. § 157*(d).

*Bankruptcy Law > Practice & Proceedings > Jurisdiction > Core Proceedings*
*Bankruptcy Law > Practice & Proceedings > Jurisdiction > Federal District Courts*
*Bankruptcy Law > Practice & Proceedings > Jurisdiction > Noncore Proceedings*
[HN15] The right to a jury trial is an important factor in determining a motion to withdraw the reference. This is so because absent the express consent of both parties and a special designation of jurisdiction by the district court, the bankruptcy court may not hold a jury trial in a noncore proceeding. *28 U.S.C.S. § 157*(e).

*Civil Procedure > Trials > Jury Trials > Right to Jury Trial*
*Constitutional Law > Bill of Rights > Fundamental Rights > Trial by Jury in Civil Actions*
[HN16] See U.S. Const. amend. VII.

*Civil Procedure > Trials > Jury Trials > Actions in Equity*
*Civil Procedure > Trials > Jury Trials > Right to Jury Trial*
*Constitutional Law > Bill of Rights > Fundamental Rights > Trial by Jury in Civil Actions*
[HN17] "Suits at common law," as used in U.S. Const. amend. VII, refers to controversies in which legal rights are to be determined, as distinguished from cases in which only equitable rights are recognized and only equitable remedies are administered. Furthermore, the Seventh Amendment only requires a jury trial if a cause of action is legal in nature and it involves a matter of private right. Action on a contract, and a tort action for damages, are clearly legal in nature and involve a matter of private right.

*Bankruptcy Law > Practice & Proceedings > Jurisdiction > General Overview*
*Bankruptcy Law > Practice & Proceedings > Jury Trials*
*Civil Procedure > Trials > Jury Trials > Right to Jury Trial*
[HN18] Withdrawal of a reference to a bankruptcy court based on the ground that a party is entitled to a jury trial should be deferred until the case is "trial ready." It would be premature to withdraw the reference to the bankruptcy court based upon an unfixed proposition that a jury trial may occur in the future.

**COUNSEL:** [*1] For BIG V HOLDING CORP., debtor: Gregg Mattisen Galardi, Skadden, Arps, Slate, Meagher & Flom, Wilmington, DE.

For WAKEFERN FOOD CORP., plaintiff: Daniel J. DeFranceschi, Richards, Layton & Finger, Wilmington, DE.

For C & S WHOLESALE GROCERS, INC., defendant: Gregory W. Werkheiser, Morris, Nichols, Arsht & Tunnell, Wilmington, DE.

**JUDGES:** Gregory M. Sleet, UNITED STATES DISTRICT JUDGE.

**OPINION BY:** Gregory Moneta Sleet

**OPINION:**

MEMORANDUM AND ORDER

I. INTRODUCTION

On November 22, 2000, the Debtors, Big V Holding Corp., *et al.*, filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code. Pursuant to *28 U.S.C. § 157*(a), the bankruptcy cases were referred from the United States District Court for the District of Delaware to the United States Bankruptcy Court for the District of Delaware ("the Bankruptcy Court"). n1 Since the petition date, the Debtors have continued in possession of their properties and the management and operation of their businesses as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. On December 6, 2000, an Official Committee of Unsecured Creditors ("the Creditors' Committee") was [*2] appointed by the United States Trustee pursuant to *§ 1102 of the Bankruptcy Code*. Presently before the court is the Creditors' Committee's March 20, 2001 motion to withdraw the reference to the Bankruptcy Court. Since Wakefern has yet to assert a proper jury demand, and since considerations of judicial economy favor leaving the adversary proceeding in the Bankruptcy Court until it is ready for trial, Wakefern's motion to withdraw the reference will be denied at this time.

n1 [HN1] Referral of Title 11 proceedings from the United States District Court for the District of Delaware to the United States Bankruptcy Court for the District of Delaware is automatic pursuant to a Standing Order of Reference dated July 23, 1984.

## II. FACTS

Wakefern Food Corporation ("Wakefern"), the plaintiff in this adversary proceeding (the "C&S Action"), is a food cooperative wholesaler that centralizes the purchasing of inventory and supplies for its members. The Debtors have been a member of the Wakefern cooperative since 1959. [*3] Pursuant to the stockholder agreement and by-laws governing Wakefern members, the Debtors are obligated to purchase approximately 85% of their products from Wakefern.

On August 3, 2000, the Debtors decided that their continued participation in Wakefern was detrimental to their business and, as a result, entered into a supply agreement with C&S Wholesale Grocers, Inc. ("C&S"), a direct competitor of Wakefern. On November 28, 2001, six days after the Debtors filed for relief under chapter 11, Wakefern filed suit against C&S in New Jersey state court. The complaint alleged that C&S, by executing an agreement with the Debtors, had engaged in tortious interference with Wakefern's contractual relations and had aided and abetted the Debtors' breach of fiduciary duty. The complaint seeks preliminary and permanent injunctions as well as damages. The C&S Action was removed to the United States Bankruptcy Court for the District of New Jersey and was subsequently transferred to the United States Bankruptcy Court for the District of Delaware, the Honorable Raymond T. Lyons presiding. n2

n2 Judge Lyons is a visiting United States Bankruptcy Judge from the District of New Jersey.

[*4]

On March 20, 2001, Wakefern filed a motion to withdraw the reference of the C&S Action to the Bankruptcy Court. C&S objected, arguing that Wakefern had failed to make a simultaneous motion to the Bankruptcy Court for a determination of whether the C&S Action was a "core" or "non-core" proceeding as required by Delaware Local Bankruptcy Rule 5011-1. On May 25, 2001, the Bankruptcy Court issued an order designating the C&S Action as a "non-core" proceeding. Therefore, C&S withdrew its objection to Wakefern's motion to withdraw the reference. The Debtors and the Creditors' Committee, however, have continued to oppose the motion. On January 31, 2001, the Creditors' Committee filed a motion to intervene in the C&S Action, which was granted by the bankruptcy court on February 15, 2001. The court has no record of a motion to intervene being filed by the Debtors.

Central to the C&S Action is the Debtors' termination of the Wakefern supply agreement and execution of the C&S Supply agreement. Before proceeding with the C&S supply agreement, the Debtors sought a declaratory judgment from the Bankruptcy Court in order to determine whether the Debtors would owe a large withdrawal payment to Wakefern [*5] if they proceeded with the C&S supply agreement. On September 14, 2001, in *Big V Supermarkets, Inc. v. Wakefern Food Corp., 267 B.R. 71, 111 (Bankr. D. Del. 2001)*, the Bankruptcy Court held that the Debtors would be obligated to make the withdrawal payment. The Bankruptcy Court also made specific findings as to what would constitute a breach of good faith and fair dealing with regards to the Debtors' attempts to abandon the Wakefern supply agreement.

Apart from the declaratory judgment action, the Bankruptcy court has presided over numerous scheduling and pretrial conferences and disputes, including Wakefern's February 9, 2001 motion to compel the Debtors' assumption/rejection of the Wakefern Agreement and C&S's March 28, 2001 motion to dismiss, or in the alternative, to stay proceedings. In sum, the C&S Action is intertwined with several proceedings and matters which are or were before the Bankruptcy Court. Furthermore, Bankruptcy Court Judge Lyons stated that he believes the C&S Action should be adjudicated together with the other actions relating to the bankruptcy case. During a March 28, 2001 scheduling conference, Judge Lyons stated, "I think this is a three [*6] party dispute that should be dealt with together."

One final fact is crucial to the court's analysis of Wakefern's motion. To date, Wakefern has not made any formal demand for a jury trial. However, Wakefern has indicated that they plan to file an amended complaint with the formal jury trial demand after the court decides this motion to withdraw the reference. Wakefern refuses to file the amended complaint for fear that filing a claim in the Bankruptcy Court could constitute consent to the jurisdiction of the Bankruptcy Court and consequently, waiver of the right to a jury trial.

## III. DISCUSSION

### A. Intervention

Neither the Debtors or the Creditors' Committee are parties to the C&S Action. Therefore, in order for their objection to be heard, they must have properly intervened in the adversary proceeding.

[HN2] *Federal Rule of Civil Procedure 24(a)(1)* provides that upon timely application anyone shall be permitted to intervene in an action "when a statute of the United States confers an unconditional right to intervene." Both the Debtors and the Creditors Committee believe that they have an unconditional right to be heard [HN3] under *11 U.S.C. § 1109* [*7] (b), which states, in part, "A party in interest, including the debtor, . . . [or] a

creditors' committee . . . may raise and may appear and be heard on any issue in a case under this chapter." Wakefern argues that the C&S Action, an adversary proceeding, is not a "case under this chapter" as required by the statute. [HN4] Although the circuits are split on whether section 1109(b) confers an unconditional right to intervene, n3 the Third Circuit has taken a clear position on the issue. In *Phar-Mor, Inc. v. Coopers & Lybrand, 22 F.3d 1228, 1241 (3d Cir. 1994),* the Third Circuit held that section 1109(b) gives a creditors' committee an unconditional right to intervene in a non-core adversarial proceeding in federal district court which is "related to" a bankruptcy case.

> n3 The Fourth, Fifth, and Eleventh Circuits have held that § 1109(b) does not create an absolute right of intervention in any adversary proceedings, not even those that are brought "under" chapter 11. *See Fuel Oil Supply and Terminaling v. Gulf Oil Corp., 762 F.2d 1283, 1286-1287 (5th Cir. 1985); In re Charter Co., 876 F.2d 866, 871 (11th Cir. 1989); Matter of Richman, 104 F.3d 654, 658 (4th Cir. 1997).*

[*8]

[HN5] A civil proceeding is "related to" bankruptcy when the outcome of that proceeding could conceivably have any effect on the estate being administered. *See Halper v. Halper, 164 F.3d 830, 837 (3d Cir. 1999).* The complaint in the adversary proceeding between Wakefern and C&S seeks an injunction against the Debtors' supply agreement with C&S. Thus the adversary proceeding clearly affects the Debtors' estate and their ability to reorganize. Moreover, the procedural history of the C&S Action indicates that it is "related to" the bankruptcy. The proceeding was removed from state court [HN6] pursuant to *28 U.S.C. § 1452*(a), which allows a party to remove a cause of action that is "related to" a bankruptcy case. Furthermore, the C&S Action was referred to the Bankruptcy Court [HN7] pursuant to *28 U.S.C. § 157*(a), which mandates that proceedings "related to" a case under title 11 shall be referred to the bankruptcy judges for the district. Therefore, the C&S Action clearly satisfies the "related to" requirement.

Since the C&S Action is "related to" the bankruptcy, the *Phar-Mor* holding dictates that the Debtors and Creditors' Committee [*9] have an unconditional right to intervene under section 1109(b). n4 In the instant proceeding, the Creditors' Committee has properly filed a motion to intervene and has otherwise complied with the requirements for intervention pursuant to Rule 24(c). Therefore, since *11 U.S.C. § 1109*(b) gives a creditors' committee an unconditional right to intervene in light of

*Phar-Mor*, the Creditors' Committee is a proper intervenor in this matter pursuant to Rule 24(a)(1). n5

> n4 [HN8] Bankruptcy Rule 7024, the sole Bankruptcy rule governing intervention in an adversary proceeding, merely adopts *Federal Rule of Civil Procedure 24.*

> n5 Based upon the current record, the court has been unable to determine whether the Debtors have filed a timely motion to intervene. Therefore the Debtors will not be considered a proper intervenor in this proceeding for purposes of Wakefern's motion to withdraw the reference; however, the Creditors' Committee's opposition to the motion should adequately represent the interest of the Debtors.

[*10]

B. Mandatory v. Permissive Withdrawal of the Reference

The C&S Action was referred to the Bankruptcy Court pursuant to *28 U.S.C. § 157*(a). [HN9] The procedure governing withdrawal of the reference to the Bankruptcy Court is stated in *28 U.S.C. § 157*(d), which reads,

> [HN10] "The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." *28 U.S.C. § 157*(d).

[HN11] The first sentence of this statute describes the conditions under which withdrawal is permissive, while the second sentence describes the conditions under which withdrawal is mandatory. Since the C&S Action involves only state law tort and contract claims, it clearly does not meet the requirements for mandatory withdrawal. Therefore, the permissive withdrawal standard [*11] applies. Under this standard, the court may withdraw the reference of the adversary proceeding "for cause shown." *See 28 U.S.C. § 157*(d).

As [HN12] the movant in this case, Wakefern bears the burden to show cause. *NDEP Corp. v. Handl-It, Inc., 203 B.R. 905, 907 (D. Del. 1996)*. The statute does not define "cause," but guideposts exist to elucidate the meaning of the word. The Third Circuit has stated that [HN13] a court should consider: "the goals of promoting uniformity in bankruptcy administration, reducing forum shopping and confusion, fostering the economical use of the debtors' and creditors' resources, and expediting the bankruptcy process." *In re Pruitt, 910 F.2d 1160, 1168 (3d Cir. 1990)*. However, the "factors listed in *Pruitt* were not designed to be exhaustive; they are only minimal standards." *NDEP Corp., 203 B.R. at 908*. Relevant considerations might also include "the nature of the proceedings (*i.e.*, core or non-core) and judicial economy." *Hatzel & Buehler, Inc. v. Orange & Rockland Utils., Inc., 107 B.R. 34, 39 (D. Del. 1989)*. Another factor which should be considered is "whether the [*12] parties have requested a jury trial." *Hatzel & Buehler, Inc. v. Central Hudson Gas & Elec. Corp., 106 B.R. 367, 371 (D. Del. 1989)*. The court will now consider these factors.

C. Factors to Consider in Determining Whether to Withdraw the Reference

1. Core v. Non-Core and Judicial Economy

[HN14] There are strictures upon the Bankruptcy Court's authority to hear and determine non-core proceedings that do not apply in the instance of core proceedings. *See 28 U.S.C. § 157(b)(1)*. Thus, a determination of whether the C&S Action is a core or non-core proceeding is crucial to the determination of the Creditors' Committee's motion. In an Order dated May 25, 2001, the Bankruptcy Court declared that the current adversary proceeding is non-core. No party has challenged the Bankruptcy Court's ruling, therefore, the court concludes the C&S Action is a non-core proceeding.

Moving to the question of judicial economy, the court believes the goals of promoting uniformity in bankruptcy administration, reducing forum shopping and confusion, fostering the economical use of the debtors' and creditors' resources, and expediting the bankruptcy process, as [*13] set forth in *Pruitt, 910 F.2d at 1168*, would seem to be best served by leaving the C&S Action in the Bankruptcy Court. n6

n6 The court is aware that courts in this district have held that "judicial economy favors permissive withdrawal of the reference of a non-core proceeding, since the district court would still need to review the merits of the dispute when considering the bankruptcy court's proposed findings of fact and conclusions of law." *NDEP*

*Corp., 203 B.R. at 908*, (paraphrasing *Hatzel & Buehler, Inc. v. Orange & Rockland Utils., Inc., 107 B.R. 34, 39 (D. Del. 1989)*). Given the facts and circumstances of this case, the court declines to follow this precedent.

The Bankruptcy Court is intimately familiar with the numerous complex issues surrounding the C&S Action. In fact, on September 14, 2001, the Bankruptcy Court issued a declaratory judgment in a separate adversary proceeding to this bankruptcy case which is interrelated with the C&S Action. *See Big V Supermarkets, Inc., 267 B.R. 71*. [*14] In that proceeding, the Bankruptcy Court held that Wakefern would be entitled to a withdrawal payment if the Debtors were to proceed with their supply agreement with C&S. *Id. at 111*. Furthermore, the Bankruptcy Court made specific findings as to what would constitute a breach of good faith and fair dealing with regard to the Debtors' attempts to abandon the Wakefern supply agreement. *Id.* Thus, it is apparent that the Bankruptcy Court is very familiar with the facts and issues which are crucial to the determination of the C&S Action. Specifically, the Bankruptcy Court has become familiar with important provisions of Wakefern's By-Laws and Stockholders' Agreement, all of which are crucial to the C&S Action. In sum, the Bankruptcy Court has already expended invaluable time and energy familiarizing itself with the facts and issues surrounding the C&S Action. Considerations of judicial economy thus weigh in favor of leaving the case with the Bankruptcy Court. *See Northwestern Institute of Psychiatry, Inc. v. Travelers Indem. Co., 272 B.R. 104, 109 (E.D. Pa. 2001)* ("The bankruptcy court is familiar with the parties, the factual background of the case [*15] and the legal issues involved. Therefore, this court finds no reason to disturb the present course and it declines to withdraw the reference as judicial economy will be served by allowing the adversary action to remain in bankruptcy court").

2. Right to a Jury Trial

[HN15] The right to a jury trial is an important factor in determining a motion to withdraw the reference. This is so because absent the express consent of both parties and a special designation of jurisdiction by the district court, the Bankruptcy Court may not hold a jury trial in a non-core proceeding. *See 28 U.S.C. § 157(e)*.

It is clear that Wakefern has a constitutional right to a jury trial in this case. The [HN16] Seventh Amendment states, "In Suits at common law where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved . . ." U.S. CONST. amend. VII. In *Granfinanciera, S.A. v. Nordberg, 492 U.S. 33, 41, 106 L. Ed. 2d 26, 109 S. Ct. 2782 (1989)*, the Supreme Court explained that [HN17] "suits at common law" referred to

controversies in which legal rights were to be determined, as distinguished from cases in which only equitable rights were [*16] recognized and only equitable remedies were administered. Furthermore, the Court stated that the Seventh Amendment only requires a jury trial if a cause of action is legal in nature and it involves a matter of private right. *Id. at 42 n.4.* The C&S Action, a contract and tort action for damages, is clearly legal in nature and involves a matter of private right. *See NDEP Corp., 203 B.R. at 909.*

However, although Wakefern has a right to a jury trial of the C&S Action, a proper jury demand has not been made. Wakefern has stated that upon the court's determination of this motion to withdraw the reference, it will file the amended complaint containing a demand for a jury trial. While Wakefern's intention to formally demand a jury trial is duly noted, the fact remains that they have not yet done so. Wakefern is reluctant to file an amended complaint with a jury demand because it believes, not without reason, that filing an amended complaint could quite possibly constitute waiver of their Seventh Amendment right to have their claims tried by jury. *See Billing v. Ravin, Greenberg & Zackin, P.A., 22 F.3d 1242, 1250-1253 (3d Cir. 1993)* (identifying [*17] two theories whereby courts have divested parties of their rights to a jury in the bankruptcy context. Under the "waiver theory," a party can lose its right to a jury trial by voluntarily submitting to the jurisdiction of the bankruptcy court through the filing of a petition or claim in the bankruptcy court).

Although Wakefern may be entitled to a jury trial, their potential entitlement at some future date is not sufficient grounds to withdraw the reference at this time. [HN18] Withdrawal of the reference based on the ground that a party is entitled to a jury trial should be deferred until the case is "trial ready." *See In re Northwestern Institute of Psychiatry, Inc., 268 B.R. 79, 84 (E.D. Pa. 2001)* (citing *In re Commercial Financial Services, Inc., 239 B.R. 586, 596 (N.D. Okla. 1999); see also Barlow & Peek, Inc. v. Manke Truck Lines, Inc., 163 B.R. 177, 179 (D. Nev. 1993)* (refusing to withdraw reference until "it is clear that a jury trial will be necessary and that the case is prepared and ready for such trial to commence"). It would be premature to withdraw the reference to the bankruptcy court based upon the unfixed proposition that [*18] a jury trial may occur in the future. At the present time, the case is not ready for trial. Assuming that Wakefern does file the amended complaint containing a proper jury demand, a jury trial may not be necessary in order to

resolve the C&S Action. During the March 28, 2001 scheduling conference in connection with the C&S Action, Bankruptcy Court Judge Lyons stated that this case "cries out for settlement." Until Wakefern properly asserts their right to a jury trial, the C&S Action should remain in the Bankruptcy Court.

The court is persuaded that Wakefern's right to a jury trial, if properly asserted in the future, will not be adversely affected by having the Bankruptcy Court preside over pretrial matters until the case is ready to be tried in the District Court. Until that time, the bankruptcy judge can serve basically the same function as a magistrate. *See In re Delaware and Hudson Ry. Co., 122 B.R. 887, 897 (D. Del. 1991).*

IV. CONCLUSION

In this case, judicial economy weighs heavily in favor of leaving the C&S Action in the Bankruptcy Court, since that court has already issued a declaratory judgment in an adversarial proceeding which is factually [*19] and legally interrelated with the C&S Action. Withdrawal of the reference at this point based on Wakefern's right to a jury trial would be premature, since Wakefern has yet to officially file a jury demand.

The court will deny Wakefern's motion to withdraw the reference, but will do so without prejudice. When the C&S Action is ready for trial, Wakefern may file a renewed motion to withdraw the reference.

For the foregoing reasons, IT IS HEREBY ORDERED that:

> 1. Wakefern's request for withdrawal of the reference to bankruptcy is DENIED;
>
> 2. This denial is without prejudice to Wakefern's ability to renew its request for withdrawal of the reference at a later time, when a jury trial has been properly demanded and the case becomes ready for trial.

Dated: July 11, 2002

Gregory M. Sleet

UNITED STATES DISTRICT JUDGE