IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>PILLOWTEX CORPORATION, <u>et al.</u>,<br><br>Debtors. | : <br>: Jointly Administered<br>: Case No. 03-12339 (PJW)<br>:<br>: Chapter 11<br>:<br>:<br>: |
| PILLOWTEX CORPORATION and FIELDCREST CANNON, INC.<br><br>Plaintiffs,<br><br>v.<br><br>BOSCOV'S, INC. and BOSCOV'S DEPARTMENT STORE, LLC,<br><br>Defendants. | :<br>:<br>:<br>:<br>:<br>:  Adv. Proc. No. 06-50805<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## DEFENDANTS' REPLY SUPPORT OF THEIR MOTION TO WITHDRAW REFERENCE OF THIS ADVERSARY PROCEEDING

Defendants Boscov's, Inc. (**"Parent Company"**) and Boscov's Department Store, LLC (**"Boscov's"**) and together with the Parent Company (the **"Defendants"**) hereby reply to the answering brief (the **"Answering Brief"**) filed by plaintiffs, Pillowtex Corporation and Fieldcrest Cannon, Inc. (the **"Plaintiffs"** or **"Debtors"**), to Defendants' Motion to Withdraw the Reference of this Adversary Proceeding (the **"Withdrawal Motion"**) and Defendants' Motion for a Determination by the

Bankruptcy Court that this Adversary Proceeding is a Non-Core Matter (the **"Non-Core Motion"**).

## I.    INTRODUCTION

The Defendants presently have pending two motions in this adversary proceeding - - the Withdrawal Motion and the Non-Core Motion.    The Plaintiffs filed one response to both. Recognizing that the Plaintiffs have not opposed the relief requested in the Non-Core Motion, by Order dated September 26, 2006, the Court granted the Non-Core Motion and determined that all claims asserted in the adversary proceeding are non-core matters.  (Docket No. 16).  As such, the only remaining matter before the Court is the Withdrawal Motion and the Defendants will limit their reply to only that portion of the Answering Brief.

The Defendants have not filed proofs of claim in the Plaintiffs' underlying bankruptcy cases and, thus, have not submitted to the jurisdiction of the bankruptcy court.    The Defendants also do not consent to the jurisdiction of the bankruptcy court over the non-core claims asserted in the adversary proceeding and have requested a jury trial.    The Plaintiffs' sole argument in opposition to the Withdrawal Motion - - that keeping the case before the bankruptcy court will promote judicial economy - - is misguided, without merit and nothing more than forum shopping.

2

This lawsuit is in its infancy stages being commenced only in late July 2006. The Bankruptcy Court has no separate understanding or special head start with respect to the particular facts of this case. Moreover, the outcome of this case will not have a major impact, if any impact, on the Plaintiffs' liquidation efforts. Thus, if the Withdrawal Motion is granted, it will save the Bankruptcy Court from wasting its time in having to become involved in a case it cannot try. Also, in light of Plaintiff's position that the Bankruptcy Court can handle pre-trial proceedings even if it cannot conduct a jury trial, the Defendants will be filing shortly a motion to transfer the venue of this action[1] to the United States District Court for the Eastern District of Pennsylvania, Reading Division in accordance with their rights to do so under the terms and conditions of sale applicable to all pre-petition transactions between Plaintiffs and Defendants.

## II.   ARGUMENT

As set forth in the Withdrawal Motion, a district court may, for cause, withdraw any case or proceeding referred to a bankruptcy court pursuant to Section 157, either on its own motion or on a timely motion filed by any party. *See* 28 U.S.C.

---

[1]  The Defendants had intended to promptly file such a motion in the district court after the Withdrawal Motion had been granted.

3

157(d). Courts have listed several factors to determine when "cause" exists for the purposes of Section 157(d). Emphasis has been placed upon three factors: (i) whether a proceeding is core or non-core, (ii) judicial economy, and (iii) the presence of a jury demand. *See In re Orion Pictures Corp.*, 4 F.3d 1095, 1101 (2nd Cir. 1993).[2] As set forth below, in the present case, each of these factors dictates that the Court should withdraw the reference of this adversary proceeding.

A. **Debtors' Claims and Defendants' Defenses are Non-Core, State Law Breach of Contract Claims and Defenses and the Defendants Do Not Consent to the Bankruptcy Court Conducting a Jury Trial in This Matter or to the Entry of Final Order by the Bankruptcy Court in any Pre-Trial Proceedings**

When determining whether a bankruptcy court may try a case, the initial issue to be decided is whether the claim is a core or non-core bankruptcy proceeding. *See In re NDEP Corp.*, 203 B.R. 905, 908 (D. Del. 1996), *citing In re Orion*, 4 F.3d at 1101. Here, the Court has already determined that this adversary proceeding involves non-core claims. *See* Docket No. 16. Therefore, the Defendants are entitled to a jury trial with respect to the Plaintiffs' garden variety breach of contract claims. *See Halper v. Halper*, 164 F.3d 83 (3rd Cir. 1999).

---

[2] *See also In re NDEP Corp.*, 203 B.R. 905 (D. Del. 1996) (the initial determination should be whether the proceeding is core or non-core because

SL1 667657v3/001857.00080

Absent the express consent of the parties, the Bankruptcy Court cannot hold a jury trial in a non-core proceeding nor can it enter final orders in any pretrial proceeding. *See* 28 U.S.C. § 157(e); *see also In re NDEP Corp.*, 203 B.R. at 908. The Defendants have not consented to the jurisdiction of the Bankruptcy Court and have not consented to the Bankruptcy Court entering final orders with respect to any pretrial proceedings. Even before section 157(e) was enacted, the Third Circuit held that bankruptcy courts could not conduct jury trials in non-core proceedings without the consent of the parties. *See Beard v. Braunstein*, 914 F.2d 434, 443 (3rd Cir. 1990).

**B.   Withdrawing the Reference Immediately
      Would Promote Judicial Economy**

Plaintiffs' main argument is that considerations of judicial economy weigh heavily in favor of the District Court denying the Withdrawal Motion at this time, without prejudice, to allow the case to remain with the Bankruptcy Court for the purposes of administering the pretrial proceedings. This argument fails for two reasons.

First, in non-core proceedings, a bankruptcy court's decisions (which would include granting a summary judgment

---

uniformity and efficiency are determined by this; another factor is whether the parties have requested a jury trial).

SL1 667657v3/001857.00080

motion) are subject to *de novo* review by the district court; thus, additional cost can be avoided by having one proceeding before the district court rather than a trial before the bankruptcy court and a *de novo* trial by the district court. *See In re NDEP*, 203 B.R. at 908. The district court in *Hatzel & Buehler, Inc. v. Orange & Rockland Utils.*, 107 B.R. 34 (D. Del. 1989), withdrew the reference because the state contract and tort claims alleged by the debtor in that case were non-core matters. The district court in *Hatzel & Buehler* therefore found that judicial economy favored withdrawing the reference prior to the imposition of a discovery scheduling order because, absent withdrawal, two courts would be required to review the merits of the dispute. *See Hatzel & Buehler,* 107 B.R. at 39-40. In *In re U.S.A. Floral Products, Inc.*, 2005 U.S. Dist. LEXIS 38912 *4 (Bankr. D. Del. 2005), defendant similarly filed a motion to withdraw reference prior to the imposition of a discovery scheduling order. Although the plaintiff asserted that all pretrial matters in that proceeding should be remanded administered by the Bankruptcy Court, the plaintiff provided no explanation in support of this contention. *Id*. at *4-5. The District Court stated that, " . . . remanding the matter to the Bankruptcy Court, or denying the Motion, would not promote uniformity in the bankruptcy administration, reduce forum shopping, foster the economical use of the parties resources, or

6

expedite the bankruptcy process. On the contrary, it appears that considerations of judicial economy favor withdrawal. Because it is essentially conceded that defendants are entitled to a jury trial, it will likely be more efficient for this court to manage the case through the pretrial process." *Id.* at 5.

The parties are in agreement that this case involves non-core, state law breach of contract claims and defenses. The Plaintiffs' assertion or concern regarding waste of judicial resources and the potential for bifurcating the trial are completely without merit. The only reason judicial resources have been or will be wasted in this litigation is because of Plaintiffs' insistence on litigating this matter in an improper forum. As the *Hatzel & Buehler* court noted, judicial economy favors withdrawal of the reference when the issues involved are non-core and two courts would have to review the merits of the dispute.

That is exactly the scenario present in this adversary proceeding. This adversary proceeding will either be decided on competing summary judgment motions which would be ruled on in the first instance by the Bankruptcy Court and then reviewed *de novo* by the District Court or after a jury trial which the Bankruptcy Court cannot conduct. Therefore, judicial economy does not dictate that the pretrial proceedings in this case be conducted by the Bankruptcy Court.

7

Furthermore, the unreported cases cited by the Plaintiffs are all distinguishable. For example, unlike the instant proceeding, the cases cited by the Plaintiff's that denied pending motions to withdraw involved, *inter alia*: (i) cases in which defendants submitted to the jurisdiction of the Bankruptcy Court by filing proofs of claim (*see* Answering Brief Exhibit A); (ii) cases which involve old litigation pending before the court for an extended period or time allowing the Bankruptcy Court to have a greater level of knowledge and understanding of the facts underlying the claims and defenses (*see* Answering Brief Exhibits B, C, D; (iii) cases whose outcome would have a major impact on the liquidation efforts of the debtors' estates (*see* Answering Brief Exhibit A); and (iv) cases where defendants failed to timely or properly assert a jury demand (*see* Answering Brief Exhibit E). None of the above considerations apply to this adversary proceeding and, therefore, carry little precedential weight. As the District Court noted in *USA Floral Products*, the non-moving party has the burden of showing the Court a legitimate reason as to why the reference should not be withdrawn. The Plaintiffs here have failed to even allege such grounds, let alone prove they exist.

8

Second, and more importantly, the Defendants will be filing in the near future a motion to transfer venue[3] to the United States District Court for the Eastern District of Pennsylvania, Reading Division, pursuant to the terms and conditions of sale that govern all pre-petition transactions between the Plaintiffs and Boscov's. In light of Boscov's contractual right to have these non-core claims heard before a federal district court sitting in the Reading Division of the Eastern Division of Pennsylvania, it makes even less sense for a Delaware Bankruptcy Court to act as a discovery "master" for matters that may ultimately be heard by district court in another jurisdiction, which presumably has different pretrial rules and procedures, and which should have the opportunity to become familiar with the facts and legal issues before it well in advance of trial.

---

[3] The Defendants had intended to file their motion to transfer venue in the District Court immediately after the Withdrawal Motion had been granted and after this case had been transferred to the District Court, as such a motion is more appropriately addressed to the District Court. However, in light of Plaintiff's position that the Bankruptcy Court should handle all pretrial matters, the Defendants will proceed to file their Motion to Transfer Venue now since the prospect of this case being transferred to another district is germane to the Court's ultimate decision on whether to grant the Withdrawal Motion at this stage of the case.

9

## III. CONCLUSION

WHEREFORE, for the foregoing reasons and those set forth in the Motion, the Defendants respectfully requests that: (i) the Court enter the Order attached to the Withdrawal Motion withdrawing the reference of this adversary proceeding to the Bankruptcy Court and transfer this case to the District Court; and (ii) awarding the Defendants such other and further relief as the Court deems just and proper.

Dated:   September 29, 2006

STEVENS & LEE, P.C.

/s/ Thomas G. Whalen, Jr.
Joseph Grey (No. 2358)
Thomas G. Whalen, Jr. (No. 4034)
1105 North Market Street,7th Floor
Wilmington, DE 19801
Telephone: (302) 654-5180
Telecopier: (302) 654-5181
E-mail: jg@stevenslee.com
          tgw@stevenslee.com

- and -

Steven J. Adams, Esquire
(Member of PA Bar)
111 N. Sixth Street
P.O. Box 679
Telephone: (610) 478-2133
Telecopier: (610) 988-0841
E-mail: sja@stevenslee.com

*Attorneys for Boscov's, Inc. and Boscov's Department Store, LLC*

10